ULEE TURNER-BREWSTER et al., Respondents, v RICARDO ARCE et al., Appellants, and VAULT, Respondent, et al., Defendant. [793 NYS2d 371]—

Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered September 27, 2004, which, to the extent appealed from, denied the Arce defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs or disbursements.

This case involves a car accident on the Cross Bronx Expressway on May 18, 2000. After the Arce vehicle struck a vehicle owned and operated, respectively, by defendants Vault and Mayor, plaintiffs' vehicle, stopped in traffic, was struck from the rear by the Vault/Mayor vehicle and, in turn, struck the vehicle in front of them. At the outset, we reject the Arces' argument that there is no admissible evidence that they were the cause of the accident. While the Arce vehicle never made contact with

---

plaintiffs' car, there is a question as to whether the impact it made with the Vault/Mayor vehicle propelled it into plaintiffs' vehicle or prevented Mayor from braking sufficiently to prevent the impact with plaintiffs.

After the accident, plaintiffs were treated for injuries resulting therefrom and were found to have sustained limitations in movement, which their respective doctors concluded were permanent, in both the cervical and lumbar spine. While plaintiffs' experts' opinions were disputed by defendants' experts, who arrived at a contrary conclusion, the experts' affidavits offered sufficient objective medical proof of serious injury to withstand summary judgment.

Plaintiff Turner-Brewster, the driver, underwent five months of treatment and then none for some 3½ years, until examined in connection with this summary judgment motion. Plaintiff Turner, the passenger, was treated, postaccident, for about six weeks and then underwent no further treatment until examined almost four years later in connection with this motion. While the Arce defendants argue that plaintiffs' experts offered no explanations for the significant gap between initial treatment and the examinations in connection with this motion, the experts' affidavits stated that after the initial treatment, plaintiffs had received "maximum chiropractic improvement" (Turner-Brewster) and "maximum improvement" (Turner), and were instructed to resume activities to the extent tolerated. In *Brown v Achy* (9 AD3d 30, 33-34 [2004]), where the chiropractor averred that the plaintiff had received "an adequate course of conservative management and had reached her maximal medical improvement when she stopped treating with me," this Court held that the "plaintiff has, with minimal adequacy, explained her treatment gap in this case." Since we are unable to perceive any discernible difference between this case and *Brown,* we conclude, at this juncture, that plaintiffs have sufficiently explained the gap. Concur—Tom, J.P., Saxe, Sullivan, Ellerin and Nardelli, JJ.