■ HORIZON INC. et al., Respondents-Appellants, v SHIMON WOLKOWICKI, Also Known as SAM WOLKOWICKI, et al., Appellants-Respondents. [865 NYS2d 195]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 25, 2008, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the first through fourth causes of action (except as to Wolkowicki's and S & R Medallion Corp.'s alleged guaranty of repayment of funds transferred by plaintiffs to New York Real Estate Group, Inc. [NYREG]), and sixth through eighth causes of action and granted plaintiffs' cross motion pursuant to CPLR 3126 to preclude defendants from offering evidence on piercing the corporate veil, unanimously modified, on the law and the facts, to grant the cross motion only to the extent of directing an adverse inference charge against defendants on the issue of piercing the corporate veil, and otherwise affirmed, without costs.

Plaintiffs seek to recover $1.8 million paid to defendant NYREG pursuant to alleged oral loan agreements. As a preliminary matter, the court correctly found that factual issues

preclude summary judgment dismissing plaintiffs' claim that NYREG's corporate veil should be pierced and its principal, defendant Wolkowicki, held personally liable for the corporation's obligations. Wolkowicki ignored the corporate form by transferring monies in and out of NYREG without any documentation or formalities; this allegedly injured plaintiffs by creating a labyrinth of persons and entities through which to pursue their funds (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *Forum Ins. Co. v Texarkoma Transp. Co.*, 229 AD2d 341 [1996]). In any event, we agree that a discovery sanction was warranted, given defendants' failure, despite four orders, to produce checks and other financial documents essential to proving the claim for piercing the veil. Contrary to defendants' argument that the motion for sanctions was untimely, plaintiffs preserved their objection to the failure to produce in their note of issue (*see Magee v City of New York*, 242 AD2d 239 [1997]; *cf. Escourse v City of New York*, 27 AD3d 319 [2006]). However, because the party seeking discovery is also the party bearing the burden of proof on the issue, and because the evidence is peculiarly within defendants' custody, we find that an adverse inference charge is a more appropriate sanction.

The motion court erroneously found issues of fact as to Bezpalco's apparent authority to bind Wolkowicki based upon the overheard telephone conversation between them. However, there is a triable issue of fact as to whether Wolkowicki was the alter ego of NYREG and there is ample evidence that Bezpalco was NYREG's agent. Therefore, in the event NYREG's corporate veil is pierced, Wolkowicki will be personally liable for NYREG's debt and plaintiff's argument that Bezpalco was also Wolkowicki's agent is beside the point. Thus, plaintiff's claims for breach of contract and implied contract, money had and received and unjust enrichment were correctly sustained. Further, because there are still viable claims against Wolkowicki, and because the transfer of 50% of the stock in S & R was made to his wife, for nominal consideration, while Wolkowicki faced a conviction for insurance fraud and a $1 million penalty, the claims under the Debtor and Creditor Law were correctly sustained (*see Matter of Shelly v Doe*, 249 AD2d 756 [1998]).

Finally, plaintiffs' claim that other defendants guaranteed the loan to NYREG is unsupported by a writing (*see* General Obligations Law § 5-701). Plaintiffs allege that the promissory notes reflecting the guaranty were stolen, and offer the testimony of their agent, Oleg Pogrebnoy, as to the contents thereof. The court properly refused to consider this parol evidence (*see gener-*

*ally Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639 [1994]). Concur—Mazzarelli, J.P., Andrias, Saxe, Friedman and Acosta, JJ. [*See* 2008 NY Slip Op 30207(U).]