■ LOURDES RIVERA-IRBY et al., Respondents, v CITY OF NEW YORK et al., Appellants. [896 NYS2d 337]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered March 9, 2009, which, insofar as appealed from, as limited by the briefs, granted plaintiffs' cross motion for sanctions to the extent of precluding defendants from submitting evidence of the lack of prior written notice, relieved plaintiffs of the burden of proving that defendants received such notice and resolved the issue against defendants, unanimously reversed, on the law and in the exercise of discretion, without costs, the cross motion denied, the sanction vacated, and defendants are directed to expand their search for their records of repair, maintenance and complaints for the two years prior to and including the date of the accident and provide a detailed affidavit of their efforts within 30 days of service of a copy of this order.

Sanctions for spoliation were unwarranted. Since the parks supervisor who discarded his notebook after conducting inspections of the steps where the alleged accident occurred testified that he was unaware of the accident and he did not state when he discarded the notebook sought by plaintiffs, there is no evidence that he improperly did so with knowledge of a pending or imminent lawsuit (see Bach v City of New York, 33 AD3d 544, 545 [2006]).

Discovery sanctions were inappropriate because plaintiffs waived further disclosure by filing a note of issue not reserving their rights or preserving objections (see Melcher v City of New York, 38 AD3d 376, 377 [2007]; cf. Horizon Inc. v Wolkowicki, 55 AD3d 337, 338 [2008]). However, we note that the affidavit of the Parks Department Deputy Chief of Administration, which

was offered by the City to support its denial that prior written notice of the defective condition had been given, was insufficient. The affidavit states merely that a search had been "initiated" for incident reports pertaining to plaintiff and for "any work orders or complaints" concerning the subject steps. The affidavit is insufficient because the affiant was not the individual who purportedly conducted the search (*see Donovan v City of New York*, 239 AD2d 461 [1997]; *Virola v New York City Hous. Auth.*, 185 AD2d 122 [1992]). Furthermore, the affidavit fails to state specifically that a search had been conducted for reports of prior incidents. The affidavit fails to set forth where the relevant reports were likely to be kept; what efforts, if any, were made to preserve them; whether such reports were routinely destroyed; or whether a search had been conducted in every location in which incident reports were likely to be found (*see Jackson v City of New York*, 185 AD2d 768 [1992]).

Although discovery or spoliation sanctions are not warranted under these circumstances, the notebook was clearly relevant and material to the issue of whether the City created the allegedly defective condition. At trial, it will be within the court's discretion to render an appropriate charge regarding the inference, if any, to be drawn from the loss of the notebook.

Plaintiffs should be allowed to avail themselves of defendants' offer in their brief to expand the scope of their records search. Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Manzanet-Daniels, JJ.