■ CHARLES UBAKA ODIKPO, Respondent, v AMERICAN TRANSIT, INC., et al., Appellants-Respondents, and DEFOE CORPORATION et al., Respondents-Appellants, et al., Defendants. [899 NYS2d 219]—

Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about October 16, 2009, which, insofar as appealed from, in an action for personal injuries sustained in a multi-vehicle accident, denied defendants-appellants' cross motions for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

The record shows that defendant-appellant Birke, while driving a vehicle owned by defendant-appellant DeFoe Corporation (collectively Birke), rear-ended defendant Gonzalez's vehicle in the left lane of the highway, and that appellant Williams, while driving a vehicle owned by appellant American Transit, Inc. (collectively Williams), rear-ended defendant Rodriguez's vehicle in the center lane. Plaintiff claims that, while driving in the center lane, he ultimately collided with both Rodriguez's and Gonzalez's vehicles as a result of the other drivers' negligence.

Birke failed to make a prima facie showing that he did not cause plaintiff to collide with Gonzalez's vehicle, as his own deposition testimony indicates that he caused Gonzalez's car to protrude into the center lane by three or four feet. Moreover, although Williams testified that Rodriguez's vehicle suddenly propelled into his lane from the left, Rodriguez stated that he had been in the center lane for a period of time before Williams hit him from behind. Such conflicting testimony creates triable issues of fact as to Williams' liability, and as to whether Williams was caught in an emergency situation (*see Hernandez v Fajardo*, 298 AD2d 199 [2002]). The fact that appellants' respective vehicles did not come in contact with plaintiff's vehicle does not negate a finding of causation as to either party (*see Tutrani v County of Suffolk*, 10 NY3d 906, 907 [2008]; *Turner-Brewster v Arce*, 17 AD3d 189, 189-190 [2005]).

Furthermore, the various parties' testimony as to the manner in which each driver controlled his vehicle, the circumstances surrounding their collision, and the chain of events leading up to the collision involving plaintiff's vehicle raise other questions of fact, which are best left for a jury to decide (*see Lindgren v New York City Hous. Auth.*, 269 AD2d 299, 302 [2000]). Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.