■ GIL ZINGER, Appellant, v SERVICE CENTER OF NEW YORK, INC., Doing Business as BUBU CARPET, et al., Respondents. [941 NYS2d 496]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 5, 2011, which, to the extent appealed from, in this action seeking recovery for services rendered, denied plaintiff's motion to compel production of responses to certain interrogatories and document requests, unanimously modified, on the law and the facts, to the extent of compelling disclosure of document requests numbered 1 and 2 and interrogatories numbered 1 and 2, limited to the period of September 30, 2003 to March 21, 2006, and otherwise affirmed, without costs.

Plaintiff's requests for vehicular insurance policies and governmental filings were irrelevant to his alter-ego claim against the individually named defendant. However, the requests concerning the corporate defendant's bank accounts and credit cards seek documents and information of the type

that would yield evidence of misuse of the corporate form (*see e.g. Horizon Inc. v Wolkowicki*, 55 AD3d 337 [2008]). Accordingly, we find that such records and information, to the extent limited to the period of plaintiff's employment plus one year, are "material and necessary" for the prosecution of the action (CPLR 3101 [a]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Manzanet-Daniels and Román, JJ.