11-4328-cv
*Broadridge Sec. Processing Solutions, LLC v. Khashoggi*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of January, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
         PETER W. HALL,
         GERARD E. LYNCH,
                  *Circuit Judges.*

---

BROADRIDGE SECURITIES
PROCESSING SOLUTIONS, LLC,

           *Plaintiff-Appellee,*

    v.                11-4328-cv

ADNAN KHASHOGGI,

           *Defendant-Appellant.*

---

| | |
|---|---|
| FOR APPELLANT: | GEORGE B. NEWHOUSE, JR. (Stephen D. Svetich, *on the brief*), Brown White & Newhouse, LLP, Los Angeles, CA. |
| FOR APPELLEE: | GAIL R. ZWEIG (Howard B. Levi, *on the brief*), Levi Lubarsky & Feigenbaum, LLP, New York, NY. |

---

Appeal from the United States District Court for the Southern District of New York (Holwell, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the September 29, 2011 final judgment entered in the United States District Court for the Southern District of New York (Holwell, *J.*) is **AFFIRMED**.

Defendant-Appellant Adnan Khashoggi ("Khashoggi") appeals the district court's decision to pierce the corporate veil and hold him personally liable for the debts of Ultimate Holdings ("Ultimate") following a three-day bench trial. We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

"New York law requires the party seeking to pierce a corporate veil to make a two-part showing: (i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the corporate veil." *Am. Fuel Corp. v. Utah Energy Dev. Co., Inc.*, 122 F.3d 130, 134 (2d Cir. 1997) (citing *Morris v. New York State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141 (1993)). We have

2

previously enumerated ten factors that New York courts use to determine whether complete control exists, and no single factor is decisive. *See Wm. Passalacqua Builders, Inc. v. Resnick Developers S. Inc.*, 933 F.2d 131, 139 (2d Cir. 1991). Here, the district court thoroughly reviewed the record and concluded that Khashoggi exercised dominion and control across several of those factors and that the control proximately caused Plaintiff-Appellee an unjust injury. For substantially the same reasons, we agree.

Khashoggi also argues that the district court erred in holding him personally liable for the actions of Ramy El-Batrawi, Ultimate's agent. We disagree. First, the district court did not err in concluding that El-Batrawi acted on behalf of Khashoggi. *See Herbert Constr. Co. v. Cont'l Ins. Co.*, 931 F.2d 989, 993 (2d Cir. 1991) (summarizing New York agency law). But even assuming that El-Batrawi acted on behalf of Ultimate and not Khashoggi, this is a distinction without a difference in this case. *See, e.g., Horizon Inc. v. Wolkowicki*, 55 A.D.3d 337, 338 (1st Dep't 2008).

We have considered Appellant's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk