Williams v Laura Livery Corp. (2019 NY Slip Op 04664)





Williams v Laura Livery Corp.


2019 NY Slip Op 04664


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9601 25778/14E

[*1]Clarence Williams, Plaintiff-Appellant,
v
Laura Livery Corporation, et al., Defendants-Respondents.


Ikhilov & Associates, Brooklyn (Maya Vax of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered September 26, 2018, which, in this action for personal injuries sustained in a collision between plaintiff bicyclist and defendants' motor vehicle, denied plaintiff's motion for partial summary judgment on the issue of liability, and for an order precluding defendants from submitting an affidavit in opposition to the motion or from offering testimony at trial, unanimously affirmed, without costs.
Plaintiff's unopposed motion for partial summary judgment was properly denied. Plaintiff's affidavit submitted in support is inconsistent with his prior deposition testimony that he did not know where the subject intersection was located without explaining the disparity (see Telfeyan v City of New York, 40 AD3d 372, 373 [1st Dept 2007]). In addition, his averment that he saw defendants' vehicle as the accident was unfolding and that it entered the intersection without fully stopping at the stop sign controlling its direction of travel, conflicts with his prior deposition testimony that he did not see the vehicle that struck him until after he was on the ground. Such conflict as to when he saw defendants' vehicle presents factual issues as to liability, which are best left for a trier of fact (see Odikpo v American Tr., Inc., 72 AD3d 568 [1st Dept 2010]). The court properly declined to take judicial notice of the Google Map images, given plaintiff's deposition testimony that he did not know where the subject intersection was located and his failure to explain how he ascertained that the images fairly and accurately depict the accident location.
Furthermore, the court properly denied plaintiff's motion to preclude defendants from submitting an affidavit in opposition to his motion for partial summary judgment, or from testifying at trial. Once plaintiff filed the notice of issue and certificate of readiness certifying to the court that all discovery was complete without reserving his rights or preserving objections,
he waived his right to seek preclusion (see Rivera-Irby v City of New York, 71 AD3d 482 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK