Paulino v Xing Wu Chen (2020 NY Slip Op 05820)





Paulino v Xing Wu Chen


2020 NY Slip Op 05820


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Kern, Moulton, JJ. 


Index No. 31895/17 Appeal No. 12079 Case No. 2019-4792 

[*1]Joanna Paulino, as Mother and Natural Guardian of A.P., an Infant Under the Age of Fourteen, et al., Plaintiffs-Appellants,
v
Xing Wu Chen, et al., Defendants-Respondents.


Jaroslawicz & Jaros PLLC, New York (David Tolchin and Mariel Crippen of counsel), for appellants.
Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered May 29, 2019, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment and to strike defendants' answer, unanimously modified, on the law, to deny defendants' motion and reinstate the complaint, and otherwise affirmed, without costs.
Defendants' motion for summary judgment should have been denied since the record presents differing versions as to how the accident occurred (see G.G.N. v Ramos, 171 AD3d 619, 621 [1st Dept 2019]; Martinez v Clean Air Car Serv. & Parking Branch One, LLC, 148 AD3d 569 [1st Dept 2017]). The testimony presented two different versions of how fast defendant was driving his vehicle, and different versions of whether infant plaintiff was visible in the roadway before the impact (see Sylvester v Velez, 146 AD3d 599 [1st Dept 2017]; Moreira v Ramos, 95 AD3d 561 [1st Dept 2012]; Vehicle and Traffic Law § 1146).
Given that neither party established their entitlement to summary judgment, plaintiff's cross motion to strike defendants' answer is no longer moot. Nevertheless, the cross motion should be denied on the ground that plaintiffs waived their right to the requested relief. The record shows that they filed their note of issue on October 31, 2018, but did not move to strike the answer until December 11, 2018, and do not claim that they reserved their rights or preserved their objections in the note of issue (see Rivera-Irby v City of New York, 71 AD3d 482 [1st Dept 2010]; Escourse v City of New York, 27 AD3d 319 [1st Dept 2006]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020