■ CHRISTOPHENA JACKSON, Appellant, v CITY OF NEW YORK, Respondent. (And a Third-Party Action.)—Order, Supreme Court, Bronx County (Douglas E. McKeon, J.) entered April 9, 1991, which, inter alia, denied plaintiff's motion for summary judgment, unanimously modified, on the law, the facts and in the exercise of discretion, to reverse the denial of plaintiff's motion and grant it insofar as to resolve the issue of notice to the City of the alleged defective condition which caused plaintiff's injuries in favor of the plaintiff and to preclude the defendant from raising any issue with respect thereto, and otherwise affirmed, without costs.

Plaintiff brought this personal injury action based on allegations that she was injured on October 11, 1984 when a stairway in premises located at 970 Prospect Avenue, which were owned by the City, gave way. Plaintiff asserted that the premises, which were in general disrepair and were eventually condemned, had not been properly maintained. The City brought a third-party action against Cosmopolitan Care Corporation, claiming that it was contractually responsible for maintenance of the building.

Plaintiff attempted to commence discovery concerning the maintenance of the building, including whether there had been any notice to the City of the defective condition of the stairway prior to her injury, but, after repeated adjournments of scheduled depositions at the City's behest, plaintiff moved to strike the City's answer unless a witness with knowledge of

the building's maintenance was produced. On August 19, 1988, the motion was granted to the extent of striking the City's answer unless, on or before October 18, 1988, defendant produced a person with knowledge of the pertinent facts and circumstances. On November 17, 1988, the City produced a maintenance worker who testified that he had no personal knowledge of the building and that he had been unable to locate the building's maintenance file. On October 6, 1989, the City produced a Deputy Director for Property Maintenance who testified that she had been told that a search for the record had been conducted and had been unavailing.

At this point, plaintiff moved again to strike defendant's answer for failing to produce the records and that motion was granted insofar as striking the City's answer unless the City produced, within 20 days, an affidavit from the person who had conducted the search for the missing records stating that the records could not be located and stating what efforts had been made to locate them.

On May 23, 1990, one month beyond the time provided, the City provided an affidavit by its employee, Antonia Delacruz, stating "I have made a search for building records for a building located at 970 Prospect Avenue, Bronx, New York, by searching for the address of that building in both the Central Files and Archive Files of the Department of Housing Preservation and Development. As a result of my search for said building records, no records have been found for a building located for the above-mentioned address."

On October 3, 1990, plaintiff moved for summary judgment based on the City's failure to timely comply with the prior order, thereby triggering the conditional order striking its answer and, in the alternative, for summary judgment on the merits. The City cross-moved for an extension of time to deem the Delacruz affidavit timely filed on the grounds that the lateness had been inadvertent and due to the fact that it had moved its offices during the subject period. The court granted the City's motion for additional time on the basis that plaintiff had shown no prejudice and denied plaintiff's motion for summary judgment.

We find that the IAS Court was within its discretion in permitting the City to file the Delacruz affidavit one month later than had been called for in its earlier order. However, in light of the nature of that affidavit and under the circumstances of this case, we find that the City should nevertheless be sanctioned for its failure to respond to discovery.

Under CPLR 3126, sanctions may be imposed for deliberate, dilatory or wilful failure to comply with discovery *(Commissioners of State Ins. Fund v Valenzano*, 175 AD2d 687). Here, after years of delay, the affidavit presented by the City made no showing as to where the subject records were likely to be kept, what efforts, if any, were made to preserve them, whether such records were routinely destroyed, or whether a search had been conducted in every location where the records were likely to be found. In short, the affidavit provided the court with no basis to find that the search had been a thorough one or that it had been conducted in a good faith effort to provide these necessary records to plaintiff. Under such circumstances, the City's failure to locate any maintenance records should not inure to its own benefit, particularly in light of the behavior of the City from the outset of this litigation in failing to cooperate with discovery and blatantly ignoring court orders. For this reason, we find that the issue of notice to the City of the alleged defective condition that caused the plaintiff's injuries should be resolved in favor of the plaintiff and defendant is precluded from raising any issue with respect thereto *(see, Ricco v Deepdale Gardens Apts. Corp.,* 113 AD2d 822). Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.