Trade Expo Inc. v Sterling Bancorp (2019 NY Slip Op 03152)





Trade Expo Inc. v Sterling Bancorp


2019 NY Slip Op 03152


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9107N 160214/13 9106

[*1] Trade Expo Inc., et al., Plaintiffs-Appellants,
v
Sterling Bancorp, et al., Defendants-Respondents.


Law Office of Michael H. Joseph, P.L.L.C., White Plains (Michael H. Joseph of counsel), for appellants.
Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, New York (Stan L. Goldberg of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 5, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered July 5, 2018, which denied plaintiffs' motion for discovery sanctions, unanimously affirmed, without costs.
Defendants' affidavits pursuant to Jackson v City of New York (185 AD2d 768 [1st Dept 1992]) adequately set forth their good faith efforts to comply with discovery with averments, inter alia, that: (i) defendants' personnel had conducted a thorough search for requested documents in all areas where said documents and/or information were likely to be found; (ii) no documents were knowingly disposed of by defendants so as to undermine plaintiffs' right to full discovery; and (iii) defendants did have some policies in place for keeping and maintaining files, but evidently the policies were not universal or particularly detailed, and somewhat left to the discretion of the file creator to determine what records were most pertinent for business purposes.
No evidence was offered from which a reasonable inference could be drawn that either a connection or relationship existed between plaintiffs and defendants such that plaintiffs could rely upon, or claim inducement by, defendants' conduct in monitoring a nonparty retailer's fiscal health pursuant to the terms of a factoring agreement between defendants and the retailer, and hold defendants accountable on an equitable theory of unjust enrichment where the retailer allegedly misappropriated plaintiffs' goods from plaintiffs' own bailee, thereafter sold them, and the resulting account receivables were collected by defendants pursuant to the factoring agreement terms, with no evidence offered to indicate plaintiffs' awareness of the conversion (see generally Georgia Malone & Co., Inc. v Reider, 19 NY3d 511, 516 [2012]; Sorenson v Winston & Strawn, LLP, 162 AD3d 593 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK