Domingo v 541 Operating Corp. (2022 NY Slip Op 06162)

Domingo v 541 Operating Corp.

2022 NY Slip Op 06162

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Index No. 159457/18 Appeal No. 16597 Case No. 2022-00801 

[*1]Erin Domingo, Plaintiff-Appellant,
v
541 Operating Corp., et al., Defendants-Respondents.

Law Offices of Effie Soter, P.C., New York (Dimitrios Kourouklis of counsel), for appellant.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for 541 Operating Corp., respondent.
Kaufman Borgeest & Ryan LLP, Valhalla (Lisa E. Fleischmann of counsel), for Raitul N. "Teddy" Persaud & Solutions America, LLC, respondents.

Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered on or about September 29, 2021, which denied plaintiff's motion for spoliation sanctions against defendants without prejudice to renewal, unanimously affirmed, without costs.
In this action seeking to recover damages resulting from a bedbug infestation in plaintiff's apartment, plaintiff moved for spoliation sanctions after defendants allegedly failed to produce certain records relevant to extermination and remediation services. According to plaintiff, defendant 541 Operating Corp., the landlord, failed to produce records showing the type of treatment performed in her apartment on two dates in October 2018. Similarly, plaintiff asserted that defendants Raitul N. "Teddy" Persaud and Solutions America, LLC, the exterminator defendants, had failed to produce relevant records relating to restricted pesticides used for the treatments.
Supreme Court providently exercised its discretion in denying plaintiff's motion, as she failed to establish that the missing evidence was her sole means of establishing her claims or that their absence prejudiced her ability to prove causation. To begin, plaintiff did establish that defendants had a statutory duty to create and maintain records for each treatment application intended to remediate the bed bug infestation (see Environmental Conservation Law § 33-1205; 6 NYCRR 325.25[a]). Thus, as the court noted, defendants' failure to maintain 25 treatment records not produced was at the very least negligent, which may constitute a culpable state of mind with respect to spoliation (see Rossi v Doka USA, Ltd., 181 AD3d 523, 525-526 [1st Dept 2020]).
However, although the treatment records are directly relevant to plaintiff's allegations of exposure to toxic chemicals, she is still able to prove her case even without them (see Duluc v AC & L Food Corp., 119 AD3d 450, 451-52 [1st Dept 2014]). Persaud testified in detail at his deposition about the specific chemicals he used in each treatment application, including nonchemical approaches such as freezing and steam treatments, and identified various insecticides by name. This testimony could allow plaintiff to establish her prima facie case through a physician's analysis of the extent to which those treatments could have affected her symptoms. To the extent that a fuller record demonstrates otherwise, Supreme Court providently denied the motion without prejudice, and its decision constituted "an appropriate balancing under the circumstances" (VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 47 [1st Dept 2012]).
We agree with Supreme Court that the landlord's culpability is less clear, albeit on a different basis. We note that although the motion court determined that the landlord had no duty to maintain the 25 missing treatment records, the record shows that it was on notice of plaintiff's claim of a bed bug infestation because she commenced a housing court proceeding in about August 2018[*2], seeking an order directing the landlord to remediate the condition. Therefore, the landlord should have preserved the records for treatments from August 2018 through October 2018 (id. at 36).
While the landlord argues that it could not have preserved records that were never created and therefore never within its control, it provides no explanation for its failure to preserve related documents that also were not produced, such as the violation issued by the Department of Housing Preservation and Development (HPD), or the documents that the landlord submitted to HPD on October 29, 2018 to certify the correction of the condition. We note that the landlord's two Jackson affidavits both referred to the same December 6, 2019 search and did not include the relevant details as to "what efforts, if any, were made to preserve [the relevant documents], whether such records were routinely destroyed, or whether a search had been conducted in every location where the records were likely to be found" in order to establish it conducted a good faith search (Jackson v City of New York, 185 AD2d 768, 770 [1st Dept 1992]). Nevertheless, we agree that this fact falls short of establishing the landlord's culpable state of mind on this record. As a result, denial of the motion without prejudice to renewal upon a fuller record was a provident exercise of the court's discretion (VOOM HD Holdings LLC, 93 AD3d at 47).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022