1591 Second Ave. LLC v Metropolitan Transp. Auth. (2023 NY Slip Op 04916)

1591 Second Ave. LLC v Metropolitan Transp. Auth.

2023 NY Slip Op 04916

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 161539/15 Appeal No. 683-684 Case No. 2022-02279, 2022-04177 

[*1]1591 Second Avenue LLC et al., Plaintiffs-Respondents,
v
Metropolitan Transportation Authority et al., Defendants-Appellants. 

Cullen and Dykman LLP, New York (John Sparling of counsel), for appellants.
Cox Padmore Skolnik & Shakarchy LLP, New York (Laleh Hawa of counsel), for respondents.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about May 2, 2022, which granted plaintiffs' motion to strike defendants' answer, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 24, 2022, which denied defendants' motion to vacate the note of issue and compel the completion of outstanding discovery, unanimously affirmed, without costs.
On remittal (see 1591 Second Ave. LLC v Metropolitan Transp. Auth., 202 AD3d 582, 584 [1st Dept 2022]), Supreme Court correctly determined that the two affidavits submitted by defendants did not meet the standard set forth in Jackson v City of New York (185 AD2d 768 [1st Dept 1992]) and, upon the determination, providently exercised its discretion in granting plaintiffs' motion to strike defendants' answer (CPLR 3126). Neither affidavit explained "where the subject records were likely to be kept, what efforts, if any, were made to preserve them, whether such records were routinely destroyed, or whether a search had been conducted in every location where the records were likely to be found" (Jackson, 185 AD2d at 770). Rather, affiant Nitin Patel admitted during his deposition that he in fact had no personal knowledge of the search performed, and affiant Juan Viruet set forth only the search procedures in general terms, without reference to the particular search at issue. Defendants' submission of such patently insufficient affidavits, along with their unexplained failure to comply with six prior court orders directing the submission of a Jackson affidavit, the last of which warned of sanctions, during a three-year period, permitted an inference of willful and contumacious conduct, justifying, under the circumstances, the drastic remedy of striking their answer (see McHugh v City of New York, 150 AD3d 561, 562 [1st Dept 2017]; Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]).
Because defendants' answer was properly stricken, they were not entitled to vacatur of the note of issue or any discovery, including discovery in preparation for the inquest (see Servais v Silk Nail Corp., 96 AD3d 546, 547 [1st Dept 2012]; Gray v Jaeger, 57 AD3d 303, 304 [1st Dept 2008]).
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023