Huili Ma v Hui Chen (2024 NY Slip Op 01347)

Huili Ma v Hui Chen

2024 NY Slip Op 01347

Decided on March 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2024

Before: Webber, J.P., Oing, González, Kennedy, Shulman, JJ. 

Index No. 652497/19 Appeal No. 1849 Case No. 2023-05217 

[*1]Huili Ma, Plaintiff-Appellant,
v
Hui Chen, Defendant-Respondent.

Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola (Thomas J. McGowan of counsel), for appellant.
Tarter Krinsky & Drogin LLP, New York (Andrew N. Krinsky of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered October 18 2023, which, upon renewal and reargument, denied plaintiff's motion to strike defendant Hui Chen's answer and counterclaims, unanimously affirmed, without costs.
The record shows that defendant, at a January 10, 2023 status conference before the court's law secretary held while plaintiff's fully briefed motion to strike was pending, was directed to "furnish," by January 24, 2023, an affidavit explaining the discovery deficiencies pursuant to Jackson v City of New York (185 AD2d 768 [1st Dept 1992]) and amended interrogatory responses, and to return for a follow-up conference on February 21, 2023. Defendant provided such discovery on January 24, 2023 by serving plaintiff with the affidavit and amended responses.
Despite this, as well as the fact that the motion to strike was adjourned on January 10, 2023 to a later date, the court, on February 15, 2023, granted the motion to strike, without making any finding that defendant had failed to timely or substantively comply with the conditions properly set forth at the January 10th conference that would have enabled him to avoid the strike sanction and resolve the prior discovery abuses (see e.g. Vaca v Village View Hous. Corp., 145 AD3d 504 [1st Dept 2016]). Nor was there any reference to that conference.
On February 28, 2023, defendant moved to renew and/or reargue and vacate the strike order. He argued that he had resolved any issues raised in the motion to strike by timely and substantively complying with the directives issued at the January 10, 2023 conference, and filing with the court the previously served amended interrogatory responses, which he then verified, and the Jackson affidavit, as well as a supplemental affidavit addressing his document search efforts.
The court granted the motion, finding that that the prior issued strike order inadvertently did not reference or consider the January 10, 2023 conference directives, and that having overlooked those directives, it prematurely granted the motion to strike. The court then considered the Jackson affidavit and amended interrogatory responses and found that the affidavit resolved the issues in the motion to strike. Accordingly, it vacated the prior order striking defendant's pleadings and denied the motion to strike.
Plaintiff's argument that the reargument/renewal motion should have been rejected as procedurally defective because it failed to attach defendant's prior papers opposing the motion to strike is unavailing (see 500 Eighth Ave. LLC v Resource Training Ctr. Inc., 209 AD3d 573 [1st Dept 2022]).
Moreover, there is no merit to plaintiff's contention that defendant failed to make an adequate showing that the court "overlooked or misapprehended" any law or facts so as to allow for reargument pursuant to CPLR 2221(d). Upon reargument, the court providently exercised its discretion in finding that defendant timely satisfied the conditions for avoiding [*2]the striking of his pleadings by serving plaintiff with the Jackson affidavit and the amended interrogatory responses on January 24, 2023, and in finding that defendant substantively satisfied the conditions by providing these materials, as well as a supplemental affidavit addressing his document search efforts.
Any substantive deficiencies in these submissions do not support reversing the court's discretionary determination that the discovery and explanations furnished by defendant were sufficient to satisfy the directives and warrant rejection of the motion to strike. It is generally within the discretion of the motion court to determine whether to impose a discovery penalty and the nature of that penalty (see Spira v Antoine, 191 AD2d 219 [1st Dept 1993]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2024