| **White & Case LLP v Kim** |
|:---:|
| 2024 NY Slip Op 31681(U) |
| May 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652445/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                PART                14

*Justice*

-----------------------------------------------------------------------------X

WHITE & CASE LLP,

                                          Plaintiff,

                     - v -

HANNAH KIM,

                                  Defendant.

-----------------------------------------------------------------------------X

| INDEX NO. | 652445/2022 |
|---|---|
| MOTION DATE | 05/10/2024 |
| MOTION SEQ. NO. | 006 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 006) 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 137, 139, 140, 141, 142, 143, 144

were read on this motion to/for                         DISCOVERY                  .

        Plaintiff's motion to compel discovery is granted in part as described below.

**Background**

        Plaintiff contends that defendant worked for it as a legal assistant for nearly 7 years, from 2013 to 2020. It asserts that during her employment, she submitted a suspicious number of reimbursement requests (over 1,000). Plaintiff alleges that in August 2019, the firm finally conducted an audit into defendant's reimbursement and overtime requests. It explains that she left the firm (in February 2020) before the investigation was completed but plaintiff insists that defendant engaged in a fraudulent scheme to extract reimbursements from plaintiff for which she was not entitled.

        In this motion, plaintiff seeks to compel discovery. Specifically, it contends that there are deficiencies with respect to defendant's responses to requests for production of documents (numbers 1-4 in the first set and 1-3 in the second set) as well as defendant's response to

**652445/2022  WHITE & CASE LLP vs. KIM, HANNAH**
Motion No. 006

Page 1 of 7

1 of 7

[* 1]

interrogatories 3, 5, 6 and 7. Plaintiff emphasizes that it needs credit card statements to review the more than 1,000 reimbursement requests defendant made during her time working for plaintiff.

Plaintiff observes that it subpoenaed third parties for some of this information, but they did not supply complete productions; apparently months of statements were missing. It insists that it needs credit card statements to prosecute its case. Plaintiff demands that it be awarded legal fees for having to bring this motion as defendant's conduct is sanctionable.

In opposition, defendant claims that she has already provided full and complete discovery responses and has no other documents in her possession. She includes an affidavit in which she claims she has provided all responsive documents in her possession and explains that she called her credit card companies to inquire about obtaining additional information (NYSCEF Doc. No. 134).

**Credit Card and Bank Statements (RFP 1 and Interrogatory 3)**

According to plaintiff, document request number 1 for the first set of document requests and interrogatory numbers 3 concern credit card and bank statements. It argues that any inability by defendant to access past statements is a direct result of defendant's failure to ensure their preservation and that this obligation arose at least as early as June 18, 2020 (when defendant commenced her separate action against plaintiff).

Defendant contends that she identified the last four digits of credit cards used for reimbursements and that she has no other information to provide. She emphasizes that she has provided details about four Amex cards and that she has fully responded about this issue.

In reply, plaintiff questions how defendant's responses about this issue were smaller than those from third parties and that defendant had never (prior to the opposition filed here)

**652445/2022   WHITE & CASE LLP vs. KIM, HANNAH**
**Motion No. 006**

**Page 2 of 7**

represented that she had no other documents. Plaintiff insists that defendant should have these statements as she represented that she would download them in April 2023. It also argues that third-party credit card statements show at least 11 total card numbers in her possession during the relevant time period, with at least five additional credit cards linked to reimbursement requests.

Plaintiff also observes that it received documents in April 2024 that allegedly show that defendant used her husband's Uber account to seek reimbursements and that this calls into question the diligence with which defendant has conducted a search for responsive materials.

With respect to these demands, this Court is confronted with a common discovery issue. Plaintiff insists that there must be additional documents while defendant claims that she has turned over all documents in her possession. Therefore, this Court finds that defendant must produce a *Jackson* affidavit for those documents she claims she does not have in her possession and what efforts she made to find them. This means that defendant must submit an affidavit describing in detail "where the subject records were likely to be kept, what efforts, if any, were made to preserve them, whether such records were routinely destroyed, or whether a search had been conducted in every location where the records were likely to be found" (*Jackson v City of New York*, 185 AD2d 768, 770, 586 NYS2d 952 [1st Dept 1992]).

This affidavit should also address the fact that plaintiff has apparently recovered more records from third parties than from defendant. Defendant's affidavit (NYSCEF Doc. No. 134) is not sufficient as it does not provide enough details about when and where she searched for records or address the discrepancies between the number of records obtained from third parties and from her. Of course, and as will be highlighted below, these are also issues that can be raised at a deposition.

**652445/2022   WHITE & CASE LLP vs. KIM, HANNAH**
**Motion No.  006**

**Page 3 of 7**

3 of 7

**First Document Requests 2, 3, 4 and Second Document Requests 1-3**

These requests concern, in general, the reimbursement requests. Defendant contends in opposition that she has responded fully to these requests and that she has turned over all responsive documents in her possession. Plaintiff obviously disputes that, particularly for the second RFP requests which deal, in part, with charges for Uber.

Similar to the above discussion, defendant must produce a *Jackson* affidavit for these document requests to the extent she claims she has produced all of the documents in her possession. She must address each of these document requests specifically and identify the areas in which she searched for records.

This Court is unable to force defendant to produce records that she insists she does not possess. That insistence must be supplemented with a *Jackson* affidavit so that plaintiff can better evaluate the categories of documents for which defendant argues she has no other responsive documents and so that depositions can be more productive. But the Court cannot grant a motion to compel where the defendant insists that she has already turned over everything she has in her possession.

**Interrogatories 6, and 7 and RFP 2**

These interrogatories concern plaintiff's request for, in essence, altered statements submitted in connection with reimbursement requests. RFP 2 also seeks, in part, information about altered statements. Plaintiff argues that these discovery requests relate to how plaintiff committed her fraud.

The Court finds that these requests are palpably improper as they are based on a disputed premise. Defendant denies that she altered statements and the burden is on plaintiff to prove that she did. Just as asking for documents showing "when did you stop shoplifting" is improper,

**652445/2022   WHITE & CASE LLP vs. KIM, HANNAH**
**Motion No.  006**

**Page 4 of 7**

4 of 7

"show me how you cheated me" is an improper request when faced with defendant's denial. Put another way, in a breach of contract action, it is not appropriate to phrase a demand to defendants to produce documents showing how they breached the contract. Similarly, here, defendant need not produce documents showing how she committed a fraud that she denies that she committed.

Therefore, this Court will not compel defendant to respond to the improper demand. It is plaintiff's burden to prove its theory that defendant engaged in a fraudulent scheme with respect to the purportedly altered reimbursement requests and to suggest how defendant perpetrated that scheme. It is axiomatic that such a theory can be tested at a deposition. But a defendant cannot be compelled to produce documents pursuant to a discovery request based wholly on the premise that defendant is liable.

**Interrogatory 5**

Plaintiff seeks discovery about whether defendant, or any of her family members and friends, are affiliated with various businesses, seemingly all limo companies, purportedly connected to her reimbursement requests. Defendant must respond to this interrogatory with respect to herself and her family. Plaintiff observed that defendant identified over 25 handwritten receipts for reimbursements related to these companies and therefore plaintiff is entitled to know whether or not defendant (or her family members) has some personal connection to these entities. As plaintiff observes, that issue directly relates to their allegation of fraud and the scope of that potential fraud.

However, the Court limits defendant's response to information about herself and family members. The Court finds that plaintiff's inclusion of friends in this interrogatory was not sufficiently supported. It makes sense to allege a fraudulent scheme whereby a defendant and

**652445/2022   WHITE & CASE LLP vs. KIM, HANNAH**
**Motion No.  006**

**Page 5 of 7**

5 of 7

her family have some connection to limo services identified as part of various reimbursements. But, at least at this stage, plaintiff did not sufficiently explain why it included friends and that is simply too broad of a request. Should plaintiff later discover specific friends it believes are involved in this scheme (such as through a deposition), plaintiff may amend this request to seek information about those specific people.

**Summary**

The Court observes that now that the settlement has fallen through, this case must proceed through document discovery to depositions. That does not mean that defendant is permitted to withhold documents or that defendant must produce what she does not have. Therefore, defendant must produce any additional documents in her possession in response to the discovery requests at issue in this motion and the aforementioned *Jackson* affidavit on or before June 18, 2024. Any documents not produced by defendant prior to this deadline may not be used by defendant at trial or in a subsequent motion, absent good cause shown. If plaintiff obtains the documents from other sources, however, plaintiff may use the documents and seek appropriate relief for defendant's failure to produce.

In this Court's view, the discovery process will never be completed if the parties engage in endless debates about document production via motion practice. The better route is to explore these issues at depositions and test the parties' contentions there. Of course, nothing prevents the parties from making additional document demands as a result of these depositions or from making additional discovery motions. But the instant motion practice is unlikely to move this case given that the parties are still arguing over initial document requests and interrogatories.

The Court also denies the request for sanctions. Nothing on this record comes close to willful or contumacious behavior. That plaintiff is unhappy with defendant's responses is not a

**652445/2022   WHITE & CASE LLP vs. KIM, HANNAH**
**Motion No.  006**

**Page 6 of 7**

6 of 7

basis for the imposition of sanctions. For the same reasons, the request for attorneys' fees is denied.

Accordingly, it is hereby

ORDERED that plaintiff's motion is granted to the extent that defendant must produce, before June 18, 2024, all additional responsive documents in her possession, she must respond to interrogatory 5 and she must produce a detailed *Jackson* affidavit for any document requests for which she claims she no longer has any documents.

The next conference is hereby adjourned to June 27, 2024 at 10 a.m. The parties are directed to upload an update about discovery by June 20, 2024 that indicates whether they have reached an agreement about discovery or whether there are any disputes that might necessitate an in-person conference. The failure to upload anything will result in an adjournment of the conference.

| 5/13/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | **X** GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652445/2022   WHITE & CASE LLP vs. KIM, HANNAH**
**Motion No.  006**

**Page 7 of 7**

7 of 7