Edras Group Corp. v Hudson Excess Ins. Co. (2024 NY Slip Op 50913(U))

[*1]

Edras Group Corp. v Hudson Excess Ins. Co.

2024 NY Slip Op 50913(U)

Decided on July 10, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2024
Supreme Court, New York County

Edras Group Corp., Plaintiff,

against
Hudson Excess Insurance Company, Defendant.

Index No. 653516/2022

Stonberg, Hickman, & Pavloff, New York, NY (Sherri N. Pavloff of counsel), for plaintiff. 
Melito & Adolfsen P.C., New York, NY (Steven I. Lewbel of counsel), for defendant.

Gerald Lebovits, J.

This insurance coverage action arises from an accident that occurred in July 2020. Plaintiff, Edras Group Corp., moves to compel defendant, Hudson Excess Insurance Company, to respond fully to its document demands and interrogatories. Defendant cross-moves for a protective order under CPLR 3103 striking plaintiff's fourteenth, and part of its sixteenth, demands. The motion and cross-motion are granted in part and denied in part as set forth below.
I. Plaintiff's Motion to Compel
a. Document Demands 3, 4, 5, and 6
Plaintiff contends that defendant's responses to document demands 3, 4, 5, and 6 are insufficient. Defendant notes, and plaintiff concedes, that defendant provided documents in a [*2]supplemental response. Plaintiff contends, though, that the responses are still insufficient. (See NYSCEF No. 50 at 8 [reply affirmation].)
In its third demand, plaintiff seeks "all letters, emails, or other documents requesting insurance coverage received by or on behalf of Hudson . . . for an accident that occurred on July 16, 2020 ('Accident') involving" plaintiffs in related actions. (NYSCEF No. 34 at 3.) In its initial response, defendant objected that this request is too vague, broad, and burdensome and that the term "accident" is undefined. It therefore "reject[ed] the factual premise of [the] Demand." (NYSCEF No. 37 at 4.)
The court concludes that this request is not too vague, broad, or burdensome. Plaintiff specifically seeks documents in which there was a request for insurance coverage for the July 2020 accident. To the extent that defendant has no documents of this nature in its possession, custody, or control, or believes them to be privileged, defendant must produce a Jackson affidavit or a privilege log, respectively. (See Jackson v City of New York, 185 AD2d 768 [1st Dept 1992].)
In its fourth demand, plaintiff requests "[a]ll letters, emails or other documents responding, in any way to the documents exchanged in response to [demand] 3 . . . with proof of mailing." (NYSCEF No. 34 at 3.) Defendant contends that this request seeks privileged materials and documents not within defendant's control; and that it "assumes facts not in evidence," and is "predicated on a false premise." (NYSCEF No. 37 at 14.)
To the extent that the documents requested here are privileged, defendant must submit a privilege log detailing why that is so. Additionally, the argument that this request assumes facts not in evidence is not a justification for failing to produce documents. The point of discovery is to gather information and materials that may lead to admissible evidence (see Twenty Four Hour Fuel Oil Corp. v Hunter Ambulance, 226 AD2d 175, 175 [1st Dept 1996]); a party is not required to base its discovery requests on information that is itself admissible evidence. Nor is defendant's belief that plaintiff's request is based on a false premise a valid reason to refuse to produce documents—at least absent a showing of the premise's falsity, which defendant has not provided. To the extent the requested documents are not within defendant's possession, custody, or control, defendant must provide a Jackson affidavit of diligent search.
In its fifth demand, plaintiff requests "[a]ll letters, emails or other documents requesting insurance coverage received by or on behalf of Hudson from any person or organization for any lawsuits arising out of or related to the Accident." (NYSCEF No. 34 at 3.) In its sixth demand, plaintiff seeks all documents generated by defendant in response to requests for coverage addressed in the fifth demand. (Id.)
Defendant argues that the fifth request fails to define the term "Accident" and the phrase "arising out of or related to." (NYSCEF No. 37 at 5.) In addition, defendant argues that the sixth request seeks materials protected by the attorney-client privilege and work product doctrine. It also contends that this request assumes facts not in evidence and would require defendant to produce materials from third parties over whom it has no control. (Id.)
The court concludes that these requests are sufficiently specific. The term "accident" refers to the July 2020 accident, as explained in demand 3. The phrase "arising out of or related to" is narrowed by the previous part of this request—documents related to a request for insurance coverage arising from the accident. Defendant must respond to these requests. To the extent that defendant believes responsive documents are privileged, it must submit a privilege log. To the extent the requested documents are within the exclusive possession of third parties [*3]over whom defendant has no control, defendant need not produce the documents; but it must provide an affidavit of diligent search explaining why defendant lacks either possession of or control over the documents.
b. Document Demands 7, 8, 9, 10, 11, 12, 13 and Demand for Party Statements 16A
Plaintiff argues that the portion of defendant's responses to these requests—that "[p]reviously served materials responsive to this Demand are available for discovery and inspection"—is insufficient. (NYSCEF No. 37 at 5, 15-20.) Defendant contends that it produced responsive documents. (NYSCEF No. 46 at 9.) On reply, plaintiff no longer maintains that plaintiff's responses to demands 7-12 are unsatisfactory—merely that defendant's response should have been more clearly communicated. (NYSCEF No. 50 at 8-9.) That aspect of plaintiff's motion is denied as academic.
With respect to demands 13 and 16A, defendant's objections to these demands are overly conclusory. To the extent that defendant believes that responsive documents or statements are privileged, it must provide a privilege log. To the extent that defendant has no further documents or statements responsive to these requests, it should submit a Jackson affidavit to that effect.
II. Defendant's Cross-motion for Protective Order
In its cross-motion, defendant seeks a protective order striking demand 14 and part of demand 16 (demand for party statements). (See NYSCEF No. 45 [notice of motion].) Defendant contends that it provided non-privileged materials responding to these demands. (NYSCEF No. 46 at 5.) Plaintiff argues that defendant's responses must be accompanied by a log describing the documents that defendant withheld on privilege grounds. (NYSCEF No. 50 at 5.)
a. Demand 14: Claim File
In demand 14, plaintiff requests the "entirety" of the claim file pertaining to the accident and the lawsuits arising from the accident. (NYSCEF No. 34 at 3 [plaintiff's demands].) Defendant argues "that a file created by a liability insurer is shielded from discovery." (NYSCEF No. 49 at 5.) Defendant contends that "[t]he non-produced materials concern evaluation, strategy, valuation, prospects for victory or defeat and other confidential communications among E&E personnel, Hudson Excess adjusters, assigned coverage counsel and investigators." (NYSCEF No. 49 at 5.)
Plaintiff argues that if "the entity seeking the disclosure is an entity seeking coverage directly from a defendant insurer, the claims file, up through the date of disclaimer, must be produced, with the exception of those documents that contain legal opinions." (NYSCEF No. 50 at 4.) Plaintiff further contends that to the extent that defendant believes portions of the claim file are privileged, it must provide a privilege log to that effect. (Id. at 6.) The court agrees with plaintiff, but only in part.
The parts of an insurer's claim file "prepared for litigation against its insured are immune from disclosure." (Dabo v One Hudson Yards Owner, LLC, 176 AD3d 631, 632 [1st Dept 2019].) In contrast, "[d]ocuments prepared in the ordinary course of an insurance company's investigation to determine whether to accept or reject coverage and to evaluate the extent of a [*4]claimant's loss are not privileged, and, therefore, discoverable." (Brooklyn Union Gas Co. v Am. Home Assur. Co., 23 AD3d 190, 191 [1st Dept 2005] [internal quotation marks omitted].) The privilege for "attorney work product applies only to documents prepared by counsel acting as such, and to materials uniquely the product of a lawyer's learning and professional skills, such as those reflecting an attorney's legal research, analysis, conclusions, legal theory or strategy." (Id. at 190-191 [internal citations omitted].)
Plaintiff's request for the entire claim file is therefore too broad. And it may result in the disclosure of privileged documents. But the portions of the claim file made in defendant's regular course of business—whether to investigate the claim, accept or reject coverage, or evaluate loss—are discoverable. Defendant must review the file and produce any nonprivileged portions of the file. For any part of the file that defendant continues to withhold, it must provide a detailed privilege log "identif[ying] each of the documents withheld and set[ting] forth a basis for the assertion of a privilege as to each." (McClier Corp., 66 AD3d at 416.)
b. Demand 16B: Demand for Party Statements
In demand 16B, plaintiff requests "[e]ach and every statement made by or taken of all other parties, with respect to the Underlying Action referenced in the complaint in the within action and/or insurance coverage for the Underlying Action." (NYSCEF No. 34 at 4.) According to defendant, "[a]ny such statements within Hudson Excess' claim file are materials prepared exclusively in connection with litigation and privileged under CPLR Section 3101(d)(2)." (NYSCEF No. 49 at 9.) It further contends that plaintiff has not shown a substantial need or undue hardship sufficient to overcome privilege. (Id. at 9-10.) Plaintiff argues that if defendant, "while investigating coverage, obtained statement of any other party that was used as the basis of Hudson's denial of coverage, such statements, obtained pre-disclaimer, are discoverable." (NYSCEF No. 50 at 7.)
The court agrees with defendant that this demand calls for privileged statements, because it specifically seeks statements made in connection with the underlying litigation. Defendant need not respond to this demand.
III. Interrogatories 2-12
Plaintiff contends that defendant has not responded fully to plaintiff's interrogatories. (NYSCEF No. 29 at 9.) In each of its responses to the interrogatories, defendant rests on its general objections and "reserves the right to supplement [its] response at a later date." (NYSCEF No. 37 at 25-28.)
Defendant contends that it cannot respond to the interrogatories in full "because [it] does not possess or have knowledge on the full universe of claims file materials maintained by Edras' general liability insurer United Specialty Insurance Company . . . and claim administrator National Claim Service" and some of the interrogatories might require responses contingent on discovery in the underlying lawsuits. Defendant claims it will supplement its interrogatory responses should it obtain more information through discovery. (NYSCEF No. 46 at 5.)
The court agrees with plaintiff that defendant's answers to the interrogatories—which do not even specify the basis for the refusal to respond—are insufficient. Defendant must provide supplemental responses to the interrogatories. To the extent that defendant believes that a [*5]response to a given interrogatory will entail the disclosure of privileged information, it must provide a privilege log.
IV. Depositions
Plaintiff requests that no depositions occur until it receives satisfactory responses from defendant. Defendant does not oppose this request. Defendant supports plaintiff's motion to the extent plaintiff is asking to "extend the timeframe" for depositions and other discovery. (NYSCEF No. 46 at 6.)
Accordingly, it is
ORDERED that plaintiff's motion under CPLR 3124 seeking to compel defendant to supplement its discovery responses is granted in part and denied in part as set forth above; and it is further
ORDERED that defendant's cross-motion for a protective order under CPLR 3103 is granted in part and denied in part to the extent set forth above; and it is further
ORDERED that defendant must produce responsive documents and interrogatories, along with any privilege log or Jackson affidavit, within 30 days of service of notice of entry; and it is further
ORDERED that the parties shall appear before this court for a telephonic status conference on August 26, 2024.
DATE 7/10/2024