People v Austin (2024 NY Slip Op 50946(U))

[*1]

People v Austin

2024 NY Slip Op 50946(U)

Decided on July 23, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 23, 2024
Supreme Court, New York County

The People of the State of New York, Plaintiff,

against
Daniel C. Austin, DANIEL C. AUSTIN, DONALD M. PFAIL, JOSEPH LODATO, MICHAEL W. MICHEL, ANTHONY R. MORDENTE, VERA PRINCIOTTA, Defendant.
ANTHONY MORDENTE, Plaintiff,
against
WELLS FARGO BANK, N.A., WELLS FARGO ADVISORS, L.L.C., WELLS FARGO ADVISORS FINANCIAL NETWORK L.L.C., WILLIAM BURKE, WILLIAM BURKE, THE BURKE GROUP, THE LUTHERAN CEMETERY, Defendant.

Index No. 451533/2019

Robert R. Reed, J.

On this Commercial Division Rule 14 submission, third party defendants Wells Fargo Bank, N.A., Wells Fargo Clearing Services LLC d/b/a Wells Fargo Advisors, Wells Fargo Advisors Financial Network LLC, William Burke Jr., William Burke Sr., and The Burke Group (Wells Fargo) move for an order resolving a discovery dispute between Wells Fargo and Third Party Plaintiff Anthony Mordente (NYSCEF doc. no. 447).
In support of his complaint, Mordente attaches minutes for a Cemetery Executive Committee meeting purportedly held on April 22, 2014. Wells Fargo sought discovery relating to the meeting minutes. During document production, Mordente produced a document showing a June 15, 2017 "create" date for the minutes. Wells Fargo requested production of the metadata associated with the minutes, and said metadata was produced by Mordente on August 24, 2022.
Wells Fargo asserts that Mordente's metadata production was insufficient. Wells Fargo [*2]seeks the additional production of the following records: (1) complete iManage history of six native word documents produced by Mordente on January 18, 2024; (2) iManage document numbers, native documents and iManage history reports for any documents reflected in the metatdata "created from document" field; (3) copies of data on machines identified in the iManage metadata made prior to May 2022; and (4) copies of all draft or final minutes of the Cemetery's board or committee meetings created in 2014.
In opposition, Mordente asserts that he fully complied with his discovery obligations. Mordente asserts that he retained a company called KLDiscovery to assist in complying with his discovery obligations. Mordente asserts that KLDiscovery conducted a search of all cloud-based NetDocs systems and iManage local servers for discoverable information. Mordente further asserts that KLDiscovery spent over six hours retrieving data from dormant servers in his possession and affirms all documents were produced to counsel for the parties on January 18, 2024. The production purportedly included full natives, metadata, images, and texts for each record. Additionally, Mordente asserts that he retained a company named Ivionics, a third-party informational technology service vendor, to obtain metadata and native format records. Mordente affirms that all parties were served with the result of Ivionics search.
Mordente asserts that Wells Fargo obtained documents and testimony directly from Ivionics that explains the discrepancies identified by Wells Fargo, and Mordente refutes that he is obligated to make any additional document productions. Mordente objects to any additional demands as unduly burdensome.
CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The words, "'material and necessary,' are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell—Collier Publ. Co., 21 NY2d 403, 406 [1968]). When resolving a discovery dispute, competing interests must always be balanced, and the need for discovery must be weighed against any special burden to be borne by the opposing party (CPLR §§ 3101, 3103(a); Forman v. Henkin, 30 NY3d 656, 664 [2018]).
Here, it is this court's view that Mordente has adequately and sufficiently complied with his discovery obligations to date. Through disclosure, a party is only required to produce those items that are within the "possession, custody or control" of the party served, which, under certain circumstances, can also mean "constructive possession" - the right, authority, or practical ability to obtain the documents or information sought (Commonwealth of N. Mariana Islands v Canadian Imperial Bank of Com., 21 NY3d 55, 62—63 [2013][" . . . in a documentary discovery context, with expansive rules of disclosure, it is reasonable to conclude that the legislature would employ a broader "possession, custody or control" standard. Indeed, various courts have interpreted "possession, custody or control" to allow for discovery from parties that had practical ability to request from, or influence, another party with the desired discovery documents"]). This court is satisfied that Mordente has sufficiently responded to Wells Fargo's outstanding demands and that he has provided information within his physical and constructive possession (id.).
However, it is alleged by Mordente that Wells Fargo's Rule 14 submission identified categories of documents that were never requested before (NYSCEF doc. no. 448, pg.3). It is not clear to this court whether the five categories of records, identified by Wells Fargo in its correspondence, were ever demanded in a CPLR-compliant discovery device prior to the Rule 14 [*3]submission.
Therefore, this court views Wells Fargo's requests, as stated in its Rule 14 correspondence, as new documentary demands, and directs Wells Fargo to serve a CPLR-complaint demand upon Mordente for the five categories of records sought in the January 22, 2024 Rule 14 submission (NYSCEF doc. no. 447). Mordente shall provide a CPLR-compliant response clearly stating whether any of the records sought are within his possession, custody, or control as defined by Commonwealth of the N. Mariana Is. v Canaida Imperial Bank of Commerce (21 NY3D at 62-63 ["Courts have interpreted 'possession, custody or control' to mean constructive possession. 'Control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action"]). To the extent that no responsive document or information is found, then an affidavit to that effect shall be provided in accordance with Jackson v City of New York (185 AD2d 768 [1992]).
Accordingly, it is hereby
ORDERED that, within ten (10) days from the date of this order, Wells Fargo shall serve a demand upon Mordente for disclosure of the five (5) categories of records identified in its Rule 14 submission; and it is further 
ORDERED that, within 45 days of service of Wells Fargo's demand, Mordente shall serve a response producing all documents responsive to the demands within Mordente's possession custody or control. If no such documents exist, a statement to that effect shall be served by date same.
DATE July 23, 2024
ROBERT R. REED, J.S.C.