Strout v CF E 88 LLC (2024 NY Slip Op 04751)

Strout v CF E 88 LLC

2024 NY Slip Op 04751

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 161439/19 Appeal No. 2667 Case No. 2024-01945 

[*1]Brian Strout, Plaintiff-Appellant,
v
CF E 88 LLC et al, Defendants-Respondents.

Brian Strout appellant pro se.
Cullen & Associates, P.C., New York (Kevin D. Cullen of counsel), for respondents.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered February 22, 2024, which denied plaintiff's motions for a default judgment and to strike defendants' pleadings and for other discovery sanctions, unanimously modified, on the law, to grant plaintiff's motion to the extent of directing defendants to produce any items set forth in the September 7, 2023 status conference order which have not been produced to date, to provide that should defendants fail to do so, plaintiff may follow the court's procedures to seek leave to file an order to preclude the documents that remain unproduced or other appropriate relief under CPLR 3126, and otherwise affirmed, without costs.
The court properly denied plaintiff's motion for a default judgment purportedly under CPLR 2214(b), renewal of plaintiff's successive summary judgment motions, and other relief based on defendants' counsel's use of electronic signatures, which plaintiff believes to be false or otherwise improper. The bare assertion that a signature is false generally is not enough to challenge its authenticity, and here, plaintiff has not established how the signatures' authenticity relates to the merits of this action (see e.g. Ulm I Holding Corp. v Antell, 155 AD3d 585, 586 [1st Dept 2017]). To the extent the motion seeks relief as to liability as a matter of law, plaintiff failed to provide a basis for diverging from the general rule that successive motions for summary judgment should be denied absent new evidence, which plaintiff has not provided (see National Enters. Corp. v Dechert Price & Rhoads, 246 AD2d 481, 482 [1st Dept 1998]).
As to plaintiff's motion for sanctions based on defendants' failure to produce discovery consistent with the status conference orders in the action, the court's order should be modified to allow plaintiff to seek relief consistent with this order and the motion court's procedures. Plaintiff adequately showed that the due diligence documents demanded from defendants were specifically directed to be produced with an explanation for any redactions in the September 7, 2023 status conference order, which stated that failure to comply would subject the party out of compliance to CPLR 3126 sanctions. The documents were not produced, and defendants did not proffer a basis for their failure to provide the Jackson affidavit or the due diligence documents demanded (see Jackson v City of New York, 185 AD2d 768, 770 [1st Dept 1992]). On appeal, defendants do not address whether the due diligence report or a Jackson affidavit has been produced. Therefore, to the extent any of the items set forth in the September 7, 2023 status conference order remains outstanding as of the date of this order, defendants are directed to produce the documents demanded, or a Jackson affidavit, or both as appropriate, within 30 days of the date of this order. If defendants fail to do so, plaintiff may follow the motion court's procedures to seek leave of court for an order of preclusion [*2]or other appropriate remedy under CPLR 3126 (see 1591 Second Ave. LLC v Metropolitan Transp. Auth., 202 AD3d 582, 584 [1st Dept 2022]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024