| **Cardona v E.E. Cruz & Co., Inc.** |
|:---:|
| 2025 NY Slip Op 30981(U) |
| March 26, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152037/2020 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. RICHARD TSAI**                     PART              21

                                        *Justice*

--------------------------------------------------------------------------------X

SAUL CARDONA,                                     INDEX NO.        152037/2020

                                                  MOTION DATE      01/09/2025
                    Plaintiff,

                                                  MOTION SEQ. NO.       006
            - v -

E.E. CRUZ & COMPANY, INC., METROPOLITAN
TRANSPORTATION AUTHORITY, NEW YORK CITY
TRANSIT AUTHORITY, CITY OF NEW YORK and          **DECISION + ORDER ON**
ALLSTARS SECURITY & PROTECTIVE SERVICES, INC,         **MOTION**


                    Defendants.

--------------------------------------------------------------------------------X


E.E. CRUZ & COMPANY, INC., METROPOLITAN                    Third-Party
TRANSPORTATION AUTHORITY and NEW YORK CITY          Index No.  595758/2022
TRANSIT AUTHORITY,


                    Third-Party Plaintiffs,

                 -against-


ALLSTARS SECURITY & PROTECTIVE SERVICES, INC,


                    Third-Party Defendant.
--------------------------------------------------------------------------------X


The following e-filed documents, listed by NYSCEF document number (Motion 006) 136-154

were read on this motion to/for               STRIKE PLEADINGS              .

        In this action, it is alleged that, on July 10, 2019 at approximately 1:20 p.m.,
plaintiff Saul Cardona was performing "excavation in the roadway . . . in the midst of the
construction of a New Emergency Ventilation Plant thereat for the IND/BMT 6th Ave
Line", when a passing New York City street sweeper knocked a jackhammer into the
trench that fell onto plaintiff (summons and complaint [NYSCEF Doc. No. 1] ¶¶ 13-33;
plaintiff's bill of particulars in response to defendant City of New York [NYSCEF Doc.
No. 14] ¶¶ 1-2, 18-19; plaintiff's bill of particulars in response to defendants E.E. Cruz &
Company, Inc., Metropolitan Transportation Authority, New York City Transit Authority
[NYSCEF Doc. No. 15] ¶¶ 1-3, 5).

        Plaintiff commenced this action asserting claims against defendants E.E. Cruz &
Company, Inc., Metropolitan Transportation Authority, New York City Transit Authority
and the City of New York based on claims under Labor Law § 200, 240 (1) and 241 (6),
as well as claims under theories of common law negligence (summons and complaint

[* 1]

[NYSCEF Doc. No. 1]).  Thereafter, defendants E.E. Cruz & Company, Inc., Metropolitan Transportation Authority and New York City Transit Authority (E.E. Cruz Defendants) asserted third-party claims against Allstars Security & Protective Services, Inc. (Allstars) who was the subcontractor responsible for flagging traffic (Third-Party Complaint [NYSCEF Doc. No. 45).  Plaintiff subsequently amended his complaint to assert direct claims against Allstars (amended complaint [NYSCEF Doc. No. 63]), and issue was joined.

On October 10, 2024, the parties in this action entered into a so-ordered stipulation that states in relevant part:

"(1) Δ Allstars to respond to π Post Deposition demand for D+I dated 5/16/24 w/in 15 days

(2) π to serve a deficiency letter in response to Δs' MTA / E.E. Cruz / NYCTA, post-deposition discovery response dated 10/4/24 within 5 days, Δ MTA / E.E. Cruz / NYCTA to respond in 45 days of receipt w/ supplemental response and Jackson Affidavit in accordance with Jackson, 185 AD2d 768 (1st 1992)" (So-Ordered Status Conference Stipulation of October 10, 2024 [NYSCEF Doc. No. 135]).

On this motion, plaintiff asserts that he was not provided discovery in compliance with the above order of October 10, 2024.  As such, plaintiff seeks an order striking the answers of defendants' E.E. Cruz & Company, Inc. Metropolitan Transportation Authority, New York City Transportation Authority and Allstars Security & Protective Services, Inc. (collectively, Motion Defendants),[1] "or in the alternative" (2) precluding motion defendants from offering evidence in a dispositive motion or at the time of trial; "or in the alternative; and, (3) together with such further and other relief as the Court may deem just and proper" (notice of motion [NYSCEF Doc. No. 136]).

Allstars opposed the motion, and at the January 23, 2025 status conference before this court, it was stipulated that "Movant (π) does not want to file a reply to Δ-Allstars' opposition" (status conference order of January 23, 2025 [NYSCEF Doc. No. 155]).  The E.E. Cruz Defendants did not oppose the motion.

## I.      Branch of Motion as Against Allstars Security & Protective Services, Inc. (Allstars)

In opposition to this motion, Allstars has provided a copy of its responses to plaintiff's May 16, 2024 post-deposition demands for discovery and inspection (Allstars' exhibit A in opposition to motion [NYSCEF Doc. No. 154], Allstars' responses).

Notwithstanding that Allstars provided these responses almost three months after they were due, plaintiff does not argue here that Allstars should be sanctioned for their

---

[1] To be clear, the only party who is not among the Motion Defendants is defendant City of New York.

**152037/2020  CARDONA, SAUL vs. E.E. CRUZ & COMPANY, INC.**                    **Page 2 of 5**
  **Motion No.  006**

2 of 5

tardiness or otherwise take issue with Allstars responses. In fact, during a status conference before this court on January 23, 2025, it was specifically noted in the so-ordered stipulation that "Movant (π) does not want to file a reply to Δ-Allstars' opposition" (status conference order of January 23, 2025 [NYSCEF Doc. No. 155]).

Under these circumstances, the court finds that the discovery dispute on this motion between plaintiff and Allstars is academic, and the branch of the motion for discovery sanctions against Allstars is denied.

## II.     Branch of Motion as Against the E.E. Cruz Defendants

On this motion, there is no dispute that plaintiff served a deficiency letter on the E.E. Cruz Defendants on October 11, 2024 in compliance with item 2 of the so-ordered status stipulation of October 10, 2024 (plaintiff's exhibit 11 [NYSCEF Doc. No. 149], plaintiff's October 11, 2024 deficiency letter). There is also no dispute that the E.E. Cruz Defendants have not complied with this court's status conference order of October 10, 2024.

Although E.E. Cruz provided "eleven (11) documents, totaling 2,771 pages" on November 25, 2024 pursuant to item 2 of the October 10, 2024 status conference order, defendants did not provide an affidavit of search in accordance with *Jackson v City of New York* (185 AD2d 768, 770 [1st Dept 1992]). Further, after plaintiff's counsel emailed counsel for the E.E. Cruz Defendants noting that "there seem to be a lot of documents missing", counsel for the E.E. Cruz Defendants replied that "[w]e admittedly must provide some additional documents in response to your demand. We have requested what we believe is not contained herein and hope to have a response after the Thanksgiving holiday. We will supplement the response on receipt" (plaintiff's exhibit 11 [NYSCEF Doc. No. 149] November 25, 2024 email chain). However, the E.E. Cruz Defendants have provided neither those additional documents nor the required affidavit of search in accordance with *Jackson v City of New York* (185 AD2d 768, 770 [1st Dept 1992]).

In addition, plaintiff points out that the E.E. Cruz Defendants failed to comply with two prior court orders, which the E.E. Cruz Defendants do not dispute:

(1) the failure to comply with this court's June 3, 2024 status conference order (plaintiff's exhibit 5 [NYSCEF Doc. No. 143], plaintiff's July 22, 2024 letter noting the E.E. Cruz Defendants' failure to comply with court's June 3, 2024 status conference order); and

(2) the failure to comply with this court's August 15, 2024 status conference order (plaintiff's exhibit 6 [NYSCEF Doc. No. 144], plaintiff's September 24, 2024 letter noting the E.E. Cruz Defendants' failure to comply with court's August 15, 2024 status conference order).

152037/2020   CARDONA, SAUL vs. E.E. CRUZ & COMPANY, INC.                              Page 3 of 5
Motion No.  006

[* 3]                                                           3 of 5

Thus, plaintiff has established that the E.E. Cruz Defendants have "exhibited a continued pattern of noncompliance" which establishes willfulness (*Continental Indus. Group, Inc. v Ustuntas*, 173 AD3d 419, 420 [1st Dept 2019]).

The E.E. Cruz Defendants have not submitted opposition papers disputing plaintiff's assertions as to their non-compliance or otherwise attempting to provide some explanation for their non-compliance.

On numerous occasions, the Court of Appeals has "reiterate[d] that litigation cannot be conducted efficiently if deadlines are not taken seriously, and . . . that disregard of deadlines should not and will not be tolerated" (*Gibbs v St. Barnabas Hosp.,* 16 NY3d 74, 83 [2010] [internal quotation marks and emendation omitted]). Here, the court is left with the impression that the E.E. Cruz Defendants have not taken seriously the deadlines set for providing responses to plaintiff's post-deposition demands dated June 18, 2024 (plaintiff's exhibit 4 [NYSCEF Doc. No. 142]; *see also Henderson-Jones v City of New York*, 87 AD3d 498, 504 [1st Dept 2011] ["A party that permits discovery to trickle in with a cavalier attitude should not escape adverse consequence"] [internal quotation marks and emendation omitted]).

Therefore, if the E.E. Cruz Defendants do not comply with item 2 of the October 10, 2024 so-ordered status conference stipulation within ninety (90) days of being served with a copy of this decision and order with notice of entry, then the E.E. Cruz Defendants shall be precluded from offering any evidence as to either liability or damages with respect to plaintiff's claims, either on a dispositive motion or at the time of trial;

To be clear, item 2 of the October 10, 2024 so-ordered status conference stipulation required the E.E. Cruz Defendants to provide plaintiff with a "supplemental response and *Jackson* Affidavit in accordance with *Jackson*, 185 AD2d 768 (1st 1992)" (So-Ordered Status Conference Stipulation of October 10, 2024 [NYSCEF Doc. No. 135]). As the E.E. Cruz Defendants failed to timely respond to plaintiff's original demands in compliance with this court's status conference order of June 13, 2024 (i.e. on or before July 18, 2024), the E.E. Cruz Defendants had already "waived objection based on any ground other than palpable impropriety or privilege by failing to timely object to the discovery demands" (*DiMaggio v Port Auth. of N.Y. & N.J.*, 228 AD3d 426, 427 [1st Dept 2024]).

Having reviewed plaintiff's deficiency letter of October 11, 2024 (plaintiff's exhibit 11 [NYSCEF Doc. No. 149]), plaintiff's demands do not appear to be either palpably improper or seeking privileged information. Therefore, in order to comply with item 2 of the October 2, 2024 status, the E.E. Cruz Defendants must provide responsive documents to the October 11, 2024 deficiency letter along with an affidavit of search by a person or persons with knowledge in accordance with *Jackson v City of New York* (185 AD2d 768, 770 [1st Dept 1992]). As the E.E. Cruz Defendants waived their opportunity to challenge the requests as being palpably improper or seeking privileged information, they may no longer object to disclosing responsive documents on those grounds.

152037/2020   CARDONA, SAUL vs. E.E. CRUZ & COMPANY, INC.
Motion No.  006

Page 4 of 5

## CONCLUSION & ORDER

Upon the foregoing documents, it is hereby **ORDERED** that the motion by plaintiff Saul Cardona for an order (1) granting Plaintiff's motion pursuant to CPLR 3126 (3) striking the answers of defendants' E.E. Cruz & Company, Inc., Metropolitan Transportation Authority, New York City Transportation Authority and Allstars Security & Protective Services, Inc. (collectively, motion defendants), "or in the alternative" (2) precluding Motion defendants from offering evidence in a dispositive motion or at the time of trial; "or in the alternative; and, (3) together with such further and other relief as the Court may deem just and proper" (notice of motion [NYSCEF Doc. No. 136]) is **GRANTED TO THE EXTENT** that within ninety (90) days of being served with a copy of this decision and order with notice of entry defendants E.E. Cruz & Company, Inc., Metropolitan Transportation Authority and New York City Transportation Authority (collectively, the E.E. Cruz Defendants) shall provide responsive documents to plaintiff's October 11, 2024 deficiency letter  (plaintiff's exhibit 9 [NYSCEF Doc. No. 147]), which responsive documents shall include an affidavit (or affidavits) of search by an individual (or individuals) with knowledge in accordance with *Jackson v City of New York* (185 AD2d 768, 770 [1st Dept 1992]); and it is further

**ORDERED** that if E.E. Cruz Defendants do not timely provide such responses, then the E.E. Cruz Defendants shall be precluded from offering any evidence as to either liability or damages with respect to plaintiff's claims, either on a dispositive motion or at the time of trial; and it is further

**ORDERED** that the status conference scheduled for April 10, 2025 is adjourned to **July 24, 2025 at 2:15 PM** in courtroom **280** at 80 Centre Street, New York, NY; and it is further

**ORDERED** that the motion is otherwise denied.

This constitutes the decision and order of the court.

20250326163047RTSAI91C866780857411DA04759059147E36A

**3/26/2025**
**DATE**                                                          **RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**152037/2020   CARDONA, SAUL vs. E.E. CRUZ & COMPANY, INC.**                    **Page 5 of 5**
**Motion No.  006**

5 of 5

[* 5]