■ MICHAEL DONOVAN, Appellant, v CITY OF NEW YORK, Respondent. [657 NYS2d 451] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered April 24, 1996, as denied those branches of his motion which were to strike the answer of the defendant for failure to provide certain court-ordered discovery, or to preclude the defendant from offering proof of lack of prior written notice of a defect in a paved walkway as a defense.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the motion which was to preclude the defendant from offering proof of the lack of prior notice of the defect in the paved walkway as a defense, and substituting therefor a provision granting that branch of the motion and precluding the defendant from offering proof of the lack of prior notice, actual or constructive, of the defect in the paved walkway as a defense; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court improvidently exercised its discretion by denying the plaintiff's motion to preclude. The willful and contumacious nature of the failure of the defendant City of New York to disclose can be inferred from the more than year-long noncompliance with the disclosure demands, the preliminary conference order, and two stipulations, coupled with inadequate excuses for those defaults (*see, Vatel v City of New York,* 208 AD2d 524; *Gladsburgh v Port Auth.,* 193 AD2d 441). The claim of the defendant city that a thorough search was made for the logbook referred to by its employee in his examination before trial was not established inasmuch as it is unsupported by affidavits of the individuals who purportedly conducted that search (*see, Virola v New York City Hous. Auth.,* 185 AD2d 122; *Jackson v City of New York,* 185 AD2d 768). Moreover, the testimony of the defendant's employee at his examination before trial revealed that far less than diligent efforts had been undertaken by the city in its search for records requested by the plaintiff. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.