■ Kirt McIntosh, an Infant, by His Mother and Natural Guardian, Rosemarie McIntosh, et al., Appellants, v City of New York et al., Respondents, et al., Defendants. [712 NYS2d 53] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 9, 1999, which denied their motion to compel the defendants City of New York and New York City Board of Education to comply with a notice to produce dated February 26, 1999.

Ordered that the order is reversed, with costs, the motion is granted, and the respondents are directed to comply with the notice to produce within 30 days after service upon them of a copy of this decision and order, with notice of entry; in the event that the respondents fail to comply with the decision and order of this Court, the Supreme Court, Kings County, shall enter an order deeming it resolved that the respondents failed to provide a school crossing guard at the intersection in question at the time of the alleged accident.

The Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion. While the respondents claimed that the requested records could not be located, they did not submit an affidavit from the individual who purportedly searched for the records. Further, the respondents' lack of dili-

gence and delay in complying with the plaintiffs' discovery demands have prejudiced the plaintiffs. Thus, the imposition of a conditional sanction is appropriate (*see, Donovan v City of New York,* 239 AD2d 461; CPLR 3126 [1]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3124:6, at 741). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.