U.S. Bank N.A. v Mitchell (2021 NY Slip Op 00589)





U.S. Bank N.A. v Mitchell


2021 NY Slip Op 00589


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-08677
 (Index No. 19255/08)

[*1]U.S. Bank National Association, etc., respondent,
v
Karl Mitchell, appellant, et al., defendants.


The Crawford Law Firm, P.C., Floral Park, NY (Mark A. Crawford of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Brian McGrath of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Karl Mitchell appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated April 11, 2018. The order granted that branch of the plaintiff's motion which was to vacate an order of the same court dated September 9, 2016, which, among other things, sua sponte, directed dismissal of the complaint without prejudice.
ORDERED that the order dated April 11, 2018, is reversed, on the law, with costs, and that branch of the plaintiff's motion which was to vacate the order dated September 9, 2016, is denied.
In July 2008, the plaintiff commenced this action against, among others, the defendant Karl Mitchell (hereinafter the defendant), to foreclose a mortgage that it alleged encumbered the defendant's real property in Queens. According to the plaintiff, in 2006, the defendant executed an adjustable rate note in the amount of $320,000 with the plaintiff's predecessor in interest and executed the mortgage at issue as security for the note. The plaintiff alleged that the defendant defaulted, and this action ensued. More than eight years later, in an order dated September 9, 2016 (hereinafter the September 2016 order), the Supreme Court, among other things, sua sponte, directed dismissal of the complaint without prejudice on the ground that the plaintiff had failed to comply with certain prior orders of the court. Approximately thirteen months later, the plaintiff moved, inter alia, to vacate the September 2016 order. In an order dated April 11, 2018, the court granted that branch of the motion. The defendant appeals.
The Supreme Court should have denied that branch of the plaintiff's motion which was to vacate the September 2016 order. CPLR 5015(a) authorizes a court to relieve a party from an order or judgment, on motion, based on the existence of specified grounds including, inter alia, excusable default (see CPLR 5015[a][1]); newly discovered evidence (see CPLR 5015[a][2]); fraud, misrepresentation, or other misconduct of an adverse party (see CPLR 5015[a][3]); lack of jurisdiction (see CPLR 5015[a][4]); or reversal, modification, or vacatur of a prior judgment or order upon which it is based (see CPLR 5015[a][5]). Here, the plaintiff failed to assert a reasonable excuse or any other basis pursuant to CPLR 5015(a) for vacatur of the September 2016 order (see HSBC [*2]Bank USA v Josephs-Byrd, 148 AD3d 788, 789-791; see also Bank of N.Y. Mellon Trust Co., N.A. v Thonfeld, 172 AD3d 665, 666).
The plaintiff also failed to establish any basis upon which to vacate the September 2016 order in the interest of substantial justice (see HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790-791). Although the Supreme Court retains "inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" (Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 884, 885; see HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790), a court's inherent power to do so is not plenary, and "should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Long Is. Light. Co. v Century Indem. Co., 52 AD3d 383, 384). Here, no such bases exist (see Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d at 742; HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790). Moreover, the inordinate amount of time that the case has been pending does not support vacatur of the September 2016 order; the plaintiff commenced the action more than twelve years ago and waited more than a year after the court directed dismissal of the complaint before it moved to vacate the September 2016 order (see HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790).
The plaintiff's remaining contention was improperly raised for the first time in its reply affirmation submitted to the Supreme Court (see Deep v City of New York, 183 AD3d 586, 588).
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court