Countrywide Home Loans Servicing, L.P. v DiGiovanni (2022 NY Slip Op 02976)





Countrywide Home Loans Servicing, L.P. v DiGiovanni


2022 NY Slip Op 02976


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.


2020-02010
 (Index No. 13432/09)

[*1]Countrywide Home Loans Servicing, L.P., appellant,
v
Madeline A. DiGiovanni, et al., defendants.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated April 4, 2018. The order denied the plaintiff's motion, inter alia, pursuant to CPLR 5015(a) to vacate a prior order of the same court dated February 26, 2013, which, sua sponte, directed dismissal of the complaint, and to restore the action to the calendar.
ORDERED that the order dated April 4, 2018, is affirmed, without costs or disbursements.
On April 7, 2009, the plaintiff commenced this action to foreclose a mortgage executed by the defendant Madeline A. DiGiovanni (hereinafter the defendant) encumbering certain real property located in Patchogue. The defendant did not appear or answer the complaint.
In an order dated June 12, 2012, the Supreme Court directed the parties to appear on August 28, 2012, for a compliance conference. Counsel for the plaintiff appeared at the conference, and the court directed resumption of the prosecution of the action within 60 days, or the matter would be subject to dismissal. Upon the failure of the plaintiff to resume prosecution of the action as directed or to seek additional time in which to do so, the court issued an order dated February 26, 2013, sua sponte, directing dismissal of the complaint.
In December 2017, the plaintiff moved, inter alia, pursuant to CPLR 5015(a) to vacate
the order dated February 26, 2013, and to restore the action to the calendar. The Supreme Court denied the motion, and the plaintiff appeals.
Pursuant to CPLR 5015(a), a court that rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the ground of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692). CPLR 5015(a) does not provide an exhaustive list as to when a judgment or order may be vacated, and in addition to the grounds set forth in the statute, a court may, in its discretion, vacate its own judgment or order for "sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d at 68; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226; JPMorgan Chase Bank, N.A. v Dev, [*2]176 AD3d at 692). However, "[a] court's inherent power to exercise control over its judgments [or orders] is not plenary, and should be resorted to only to relieve a party from judgments [or orders] taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Dev, 176 AD3d at 692-693; CitiMortgage, Inc. v Maldonado, 171 AD3d 1007, 1008).
Here, the Supreme Court providently exercised its discretion in denying the plaintiff's motion, inter alia, to vacate the order dated February 26, 2013. Contrary to the plaintiff's contention, it failed to establish any basis upon which to vacate the order in the interest of substantial justice (see U.S. Bank N.A. v Mitchell, 191 AD3d 731,732; LaSalle Bank, N.A. v Delice, 175 AD3d 1283, 1284; HSBC Bank USA v Josephs-Byrd, 148 AD3d 788, 790). Moreover, the fact that the plaintiff, without any excuse, waited more than four years to move to vacate the order and failed to pursue other available avenues of relief supports the court's discretionary determination not to vacate the order (see U.S. Bank N.A. v Mitchell, 191 AD3d at 731; LaSalle Bank, N.A. v Delice, 175 AD3d at 1284; HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790; US Bank N.A. v Sinay, 147 AD3d 1364).
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court