BAC Home Loans Servicing, L.P. v Tessler (2022 NY Slip Op 04943)

BAC Home Loans Servicing, L.P. v Tessler

2022 NY Slip Op 04943

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.

2019-11642
 (Index No. 516/10)

[*1]BAC Home Loans Servicing, L.P., etc., appellant,
v
Rachel Tessler, et al., defendants.

Pincus Law Group, PLLC, Uniondale, NY (Barry M. Weiss of counsel), for appellant.
Jeremy Rosenberg, Chestnut Ridge, NY, for defendants Rachel Tessler and Steven Tessler.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated June 27, 2019. The order, insofar as appealed from, denied the plaintiff's motion, in effect, to vacate an order of the same court dated January 4, 2019, granting that branch of the cross motion of the defendants Rachel Tessler and Steven Tessler which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them, to restore the action to the calendar, and to extend the time to serve the defendants Rachel Tessler and Steven Tessler pursuant to CPLR 306-b.
ORDERED that the order dated June 27, 2019, is affirmed, without costs or disbursements.
In January 2010, the plaintiff commenced this action to foreclose a mortgage on certain real property owned by the defendants Rachel Tessler and Steven Tessler (hereinafter together the defendants). The defendants failed to answer the complaint or otherwise appear in the action. Settlement conferences were held between July 2, 2013, and September 12, 2014, attended by the plaintiff's and the defendants' counsel. Settlement of the action was unsuccessful. In May 2016, the plaintiff moved, inter alia, for an order of reference, and the defendants cross-moved pursuant to CPLR 3211(a)(8) and 3215(c) to dismiss the complaint insofar as asserted against them. The Supreme Court reserved decision and directed a hearing to determine the validity of service of process upon the defendants.
On September 14, 2018, the parties appeared for the scheduled hearing. The plaintiff informed the Supreme Court, however, that, despite service of a subpoena upon the process server, the process server had not responded. The plaintiff requested an adjournment of the hearing and that the court so-order a subpoena to compel the process server's appearance, which the court granted.
On October 5, 2018, the parties appeared on the adjourned date for the hearing and the plaintiff informed the Supreme Court of its attempts to compel the appearance of the process server. The plaintiff made an application pursuant to CPLR 306-b for an extension of time to serve the defendants, which the court denied. The court then granted that branch of the defendants' cross [*2]motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of jurisdiction, and memorialized its decision in an order dated January 4, 2019 (hereinafter the 2019 order of dismissal).
By notice of motion dated March 18, 2019, the plaintiff moved, in effect, to vacate the 2019 order of dismissal, to restore the action to the calendar, and to extend the time to serve the defendants pursuant to CPLR 306-b. By order dated June 27, 2019, the Supreme Court denied the motion. The plaintiff appeals.
In addition to the statutory grounds for vacating an order or judgment set forth in CPLR 5015(a), a court has "inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" (Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 884, 885; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). Here, the plaintiff failed to establish its entitlement to vacatur of the 2019 order of dismissal on such grounds (see U.S. Bank N.A. v Mitchell, 191 AD3d 731, 732; Mortgage Elec. Registration Sys., Inc. v Dort-Relus, 107 AD3d 861, 862).
Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time to effect service for "good cause shown" or "in the interest of justice" (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). Based on the record before us, there was no good cause shown for an extension of time to serve the summons and complaint upon the defendants pursuant to CPLR 306-b, since the plaintiff was unable to produce the process server to testify at the hearing, and thus failed to demonstrate that it made "'reasonably diligent efforts' in attempting to effect service" (Bank United, FSB v Verbitsky, 167 AD3d 833, 835, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105; see HSBC Bank, USA v Gibatov, 183 AD3d 555, 556). Further, in view of the plaintiff's extensive delay in seeking an extension of time to serve the defendants pursuant to CPLR 306-b, such an extension is not warranted in the interest of justice.
Accordingly, the Supreme Court properly denied the plaintiff's motion, in effect, to vacate the 2019 order of dismissal, to restore the action to the calendar, and for an extension of time to serve the defendants pursuant to CPLR 306-b.
In light of the foregoing, we need not reach the plaintiff's remaining contention.
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court