Nationstar Mtge., LLC v Stracci (2023 NY Slip Op 02667)

Nationstar Mtge., LLC v Stracci

2023 NY Slip Op 02667

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2020-08099
 (Index No. 34223/17)

[*1]Nationstar Mortgage, LLC, etc., appellant,
v
Anthony Stracci, Jr., respondent, et al., defendants

Robertson, Anschutz, Schneid, Crane & Partners PLLC, Westbury, NY (Day Pitney LLP [Alfred W. J. Marks and Michael L. Fialkoff], of counsel), for appellant.
Smith Buss & Jacobs LLP, Yonkers, NY (Jeffrey D. Buss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (David Evan Markus, Ct. Atty. Ref.), dated September 14, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendant Anthony Stracci, Jr., which were to vacate a judgment of foreclosure and sale of the same court (Robert M. Berliner, J.) entered November 19, 2019, upon his failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Anthony Stracci, Jr., which were to vacate the judgment of foreclosure and sale entered November 19, 2019, and to dismiss the complaint insofar as asserted against him are denied.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Anthony Stracci, Jr. (hereinafter the defendant). The defendant did not appear in the action or answer the complaint. The Supreme Court entered a judgment of foreclosure and sale. The defendant moved, inter alia, to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him. In an order dated September 14, 2020, the Supreme Court, among other things, granted those branches of the defendant's motion. The plaintiff appeals.
CPLR 5015(a) authorizes a court to relieve a party from an order or judgment, on motion, based on the existence of specified grounds including, among others, excusable default (see CPLR 5015[a][1]); newly discovered evidence (see CPLR 5015[a][2]); fraud, misrepresentation, or other misconduct of an adverse party (see CPLR 5015[a][3]); lack of jurisdiction (see CPLR 5015[a][4]); or reversal, modification, or vacatur of a prior judgment or order on which it is based (see CPLR 5015[a][5]). In this case, the defendant failed to assert a reasonable excuse or any other basis pursuant to CPLR 5015(a) for vacatur of the judgment of foreclosure and sale (see U.S. Bank N.A. v Mitchell, 191 AD3d 731, 732).
Additionally, the defendant failed to establish any basis on which to vacate the [*2]judgment in the interest of substantial justice (see U.S. Bank N.A. v Mitchell, 191 AD3d at 732). Although the Supreme Court retains "inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" (Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 884, 885), a court's inherent power to do so is not plenary, and "should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see U.S. Bank N.A. v Mitchell, 191 AD3d at 732). Here, contrary to the Supreme Court's conclusion, no such bases exist (see U.S. Bank N.A. v Mitchell, 191 AD3d at 732).
Accordingly, we reverse the order insofar as appealed from and deny those branches of the defendant's motion which were to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court