Edwards v Morris (2024 NY Slip Op 03167)

Edwards v Morris

2024 NY Slip Op 03167

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-00426
 (Index No. 608334/18)

[*1]Frank Edwards, respondent, 
v
Brian Morris, et al., appellants, et al., defendants.

Grausso & Foy, LLP, Bohemia, NY (William Grausso of counsel), for appellants.
Charles Wallshein, Esq., PLLC, Melville, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Brian Morris and Pam Morris appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated November 13, 2020. The order, insofar as appealed from, denied those branches of those defendants' motion which were to stay the sale of the subject property and, in effect, to vacate a judgment of foreclosure and sale of the same court entered August 9, 2019.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Brian Morris and Pam Morris (hereinafter together the defendants). The Supreme Court subsequently granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. On August 9, 2019, the court entered a judgment of foreclosure and sale. Thereafter, the defendants moved, among other things, to stay the sale of the subject property and, in effect, to vacate the judgment of foreclosure and sale. The court, inter alia, denied those branches of the defendants' motion. The defendants appeal.
CPLR 5015(a) authorizes a court to relieve a party from an order or judgment, on motion, based on the existence of specified grounds including, inter alia, excusable default (see id. § 5015[a][1]); newly discovered evidence (see id. § 5015[a][2]); fraud, misrepresentation, or other misconduct of an adverse party (see id. § 5015[a][3]); lack of jurisdiction (see id. § 5015[a][4]); or reversal, modification, or vacatur of a prior judgment or order on which it is based (see id. § 5015[a][5]). Here, the defendants failed to assert any basis pursuant to CPLR 5015(a) for vacatur of the judgment of foreclosure and sale (see Nationstar Mtge., LLC v Stracci, 216 AD3d 973, 974; U.S. Bank N.A. v Mitchell, 191 AD3d 731, 732).
In addition, the defendants failed to establish any basis on which to vacate the judgment of foreclosure and sale in the interest of substantial justice (see Nationstar Mtge., LLC v Stracci, 216 AD3d at 974; U.S. Bank N.A. v Mitchell, 191 AD3d at 732). Although the Supreme Court retains "inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" (Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 884, 885), a court's inherent power to do so is not plenary, and "should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" [*2](Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]); see Nationstar Mtge., LLC v Stracci, 216 AD3d at 974-975). Here, the defendants failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur of the judgment of foreclosure and sale in the interest of substantial justice (see CitiMortgage, Inc. v Maldonado, 171 AD3d 1007, 1008-1009; Wells Fargo Bank, N.A. v Choo, 159 AD3d 938).
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were to stay the sale of the subject property and, in effect, to vacate the judgment of foreclosure and sale.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court