**Quontic Bank v Baum**

2024 NY Slip Op 33467(U)

October 3, 2024

Supreme Court, Orange County

Docket Number: Index No. EF002961-2023

Judge: David S. Zuckerman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

DISPO Motion Seq 2

To commence the 30 day statutory time
period for appeals as of right
(CPLR 5513[a]), you are advised to
serve a copy of this order, with notice
of entry, upon all parties

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**
------------------------------------------------X
QUONTIC BANK[1],

                     Plaintiff,

           -against -

YOEL BAUM; BOARD OF MANAGERS OF THE
HAKIRYAK CONDOMINIUM I and "JOHN DOE # 1"
through "JOHN DOE # 10," the last ten names
being intended for tenants, occupants or
other persons, including but not limited to
governmental entities and trusts, having an
interest in the premises described in the
complaint,

                 Defendants.
------------------------------------------------X
**ZUCKERMAN, J.**

**DECISION/ORDER**

Index No.
EF002961-2023

In this residential foreclosure action, the papers

denominated Documents 1 through 39 in NYSCEF were considered

in connection with this motion by Defendant Yoel Baum ("Baum")

for an Order "[v]acating the Court's Default Judgment[2] in favor

---

[1] In the Notice of Motion, Defendant Yoel Baum denominates the Plaintiff as "Wilmington Savings Fund Society, FSB D/B/A Christiana Trust Not in its Individual Capacity by Solely as Trustee for SC Park Lane II Trust 2019-1."

[2] The court actually granted Plaintiff's motion for summary judgment.

[* 1]

of Plaintiffs" (Notice of Motion, p. 1). In essence, Baum asserts that the court was overly expedient in deciding a prior motion. There is no opposition to the motion.

## FACTS AND RELEVANT PROCEDURAL HISTORY

On May 8, 2023, Plaintiff commenced the action by filing, *inter alia*, a Summons and Complaint. On June 11, 2024, Plaintiff moved for summary judgment and other relief. Although the Notice of Motion reflected that it was returnable at 9:30 am on July 18, 2024, it contained the following recitation in bold print:

> **PLEASE TAKE FURTHER NOTICE that pursuant to CPLR§2214(b), any answering papers or cross-motions, are required to be served upon the undersigned at least seven (7) days before the date set forth above for the submission of this motion.[3]**

(Notice of Motion, p. 2)(capital letters in original).

---

[3] Notably, Baum inserted almost identical language in the instant Notice of Motion.

2

[* 2]

On July 11, 2024, the court issued an Order, *inter alia*, granting summary judgment against Baum ("the prior Order"). That morning, Baum submitted a Stipulation extending the time to respond to the motion.

## CONTENTIONS OF THE PARTIES

Baum asserts that "before Defendant and his counsel could respond to Plaintiff's motion for summary judgment, the Court inadvertently filed a Default Judgment" (Affirmation in Support, p. 3). Baum adds the parties had agreed to adjourn the motion.

## DISCUSSION

As relevant here, CPLR 5015 (a) provides

The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:

1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry

3

"[R]elief from a default pursuant to CPLR 5015 (a) (1) is proper only where the party seeking relief demonstrates a reasonable excuse for the default and a potentially meritorious defense" (*Torres v Rely On Us, Inc.*, 165 AD3d 731, 732 [2d Dept 2018]). "The determination of what constitutes a reasonable excuse for a default lies within the trial court's discretion" (*Dokaj v Ruxton Tower Ltd. P'ship*, 91 AD3d 812, 813-14 [2d Dept 2012]) "and the court has discretion to accept law office failure as a reasonable excuse" (*Ki Tae Kim v Bishop*, 156 AD3d 776, 777 [2d Dept 2017]). "However, "[a] court's inherent power to exercise control over its judgments [or orders] is not plenary, and should be resorted to only to relieve a party from judgments [or orders] taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (*Countrywide Home Loans Servicing, L.P. v DiGiovanni*, 205 AD3d 676, 676-677 [2d Dept 2022]).

"[I]t is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures"

[* 4]

(*Maddaus v Bowman*, 12 AD2d 626 [2d Dept 1960]). Thus, for example, an application for court approval of certain fees must comply with the Operational Rules of the Westchester County Supreme Court Matrimonial Part (*Basile v Wiggs*, 173 AD3d 1127 [2d Dept 2019]). Likewise, a motion for leave to renew is properly denied for the movant's failure to comply with a part rule requiring contemporary submission of related documents (*Biscone v JetBlue Airways Corp.*, 103 AD3d 1581 [2d Dept 2012]). The Court of Appeals has acknowledged the primacy of part rules in holding that, in the event of a conflict between the individual court's part rule and a "local rule," the part rule controls (*Crawford v Liz Claiborne, Inc.*, 11 NY3d 810 [2008]).

Here, the court's Part Rules clearly specify that all papers must be submitted by 9:30 am on the date due. Likewise, Plaintiff's Notice of Motion for summary judgment specified that it was returnable "at 9:30 AM." On July 11, 2024, after 9:30 am, the deadline for Defendants to submit opposition to the motion and/or a cross-motion, the court determined that neither opposition papers nor a cross-motion were filed. The

5

court then endorsed the prior Order[4]. Consequently, Baum fails to offer a reasonable excuse for failing to timely submit opposition to Plaintiff's motion for summary judgment. Therefore, Baum's motion to vacate the prior Order must be denied.

Even if the court were to find that Baum had offered a reasonable excuse for failing to timely submit opposition papers, the result would be the same. Baum wholly fails to demonstrate that there is potentially meritorious opposition to Plaintiff's summary judgment motion. In fact, Baum fails to demonstrate that there is any opposition to the motion. Incredibly, Baum's Affidavit in Support fails to address the merits of Plaintiff's motion for summary judgment at all. Rather, it merely recites difficulties in selling the property. Similarly deficient is Baum's counsel's Affirmation asserting "the Defendant has raised several defenses in its answer which they (sic) seek to present to the Court in their (sic) opposition which may raise a triable issue of fact" (Affirmation in Support, p. 4). The Answer contains a laundry

---

[4] It appears that, minutes before the prior Order was uploaded to NYSCEF, Baum's counsel uploaded a stipulation extending time to respond to the motion.

6

[* 6]

list of affirmative defenses, none of which include supporting facts. In any event, "[a]n attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance" (*Washington v Ryder Truck Rental*, 35 AD3d 455, 456 [2d Dept 2006]). Thus, notwithstanding Baum's improper reference to wholly unsupported affirmative defenses, the reference found in counsel's affirmation is itself improper. Consequently, Baum fails to establish a potentially meritorious defense. Therefore, Baum's motion seeking vacatur of the prior Order must be denied.

Finally, even if the court were to vacate the prior Order and consider Baum's opposing papers on the merits, the result would be the same. Pursuant to CPLR §3212(b), a motion for summary judgment "shall be granted if, upon all of the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." The Court of Appeals has explained that "[s]ummary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law ... when there is no genuine issue to be resolved at trial, the case should be summarily decided, and any unfounded

7

reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated" (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]).

In a summary judgment motion, the movant bears the initial burden of presenting evidence, in competent and admissible form, establishing the absence of any material issues of fact. (*Viviane Etienne Medical Care v Country-Wide Insurance Company*, 25 NY3d 498 [2015]; *Bank of New York Mellon v Gordon*, 171 AD3d 197 [2d Dept 2017]; *Winegrad v New York University Medical Center*, 64 NY2d 851 [1985]). In the event that initial burden is met, the non-moving party must come forward with proof, also in admissible form, that there are material issues of fact which require a trial of the action (*Alvarez v Prospect Hospital*, 68 NY2d 320 [1986]).

In *Celardo v. Bell,* 222 AD2d 547 [2d Dept 1995], the court stated:

> It is axiomatic that summary judgment is a drastic remedy which should only be granted if it is clear that no material issues of fact have been presented. Issue finding, rather than issue determination, is the court's function (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 (1957.) If there is any doubt about the existence of a triable issue of fact or if a

8

material issue of fact is arguable, summary judgment should be denied (*Museums at Stony Brook v Village of Pachogue Fire Dept.*, 146 AD2d 572 (1989) …

In analyzing the contrasting factual allegations, the court may not engage in weighing the evidence. Rather, the court must draw all reasonable inferences in favor of the non-moving party. (*Rizzo v Lincoln Diner Corp.* 215 AD2d 546 [2d Dept 2000]). Then, the court must determine whether "by no rational process could the trier of facts find for the non-moving party" (*Jastrzebski v N Shore Sch Dist*, 232 AD2d 677 678 [2d Dept 1996]). Where facts are in dispute, there are issues of credibility, or conflicting inferences may be drawn from the evidence, summary judgment will not lie (*id* at 678).

"A facially adequate cause of action to foreclose a mortgage requires allegations regarding the existence of the mortgage, the unpaid note, and the defendant's default thereunder, which, if subsequently proven, will establish a prima facie case for relief" (*US Bank Nat'l Ass'n v Nelson*, 169 AD3d 110, 113 [2d Dept 2019], *affd,* 36 NY3d 998 [2020]). Here, the court finds that Plaintiff has met its initial burden. Its submissions establish, *prima facie*, that Plaintiff entitled to judgment as a matter of law on its sole cause of action for foreclosure.

9

[* 9]

The burden then shifts to Baum to present admissible evidence demonstrating that there is a triable issue of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). As set forth above, Baum's submissions do not establish any opposition, let alone a material issue of fact, regarding Plaintiff's foreclosure claim. Therefore, even on the merits, Baum's motion must be denied.

The remaining contentions, if any, do not compel a different result. Any additional relief requested by any party and not expressly considered herein is denied.

Accordingly, based upon the forging, it is hereby

**ORDERED**, that Defendant Yoel Baum's motion to vacate the court's July 11, 2024 Order is denied.

The foregoing constitutes the Opinion, Decision and Order of the Court.

10

[* 10]

Dated: Goshen, New York
       October 3, 2024



HON. DAVID S. ZUCKERMAN, J.S.C.

To: All Parties via NYSCEF

11