Doe v Diocese of Brooklyn (2025 NY Slip Op 03296)

Doe v Diocese of Brooklyn

2025 NY Slip Op 03296

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-04056
 (Index No. 515600/21)

[*1]ARK409 Doe, respondent, 
v
Diocese of Brooklyn, etc., et al., defendants, Resurrection, appellant.

Scahill Law Group P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellant.
Jeff Anderson & Associates, P.A., New York, NY (Nahid A. Shaikh of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, negligent retention, and negligent supervision and instruction, the defendant Roman Catholic Church of the Resurrection, sued herein as Resurrection, appeals from an order of the Supreme Court, Kings County (Sabrina B. Kraus, J.), dated March 8, 2024. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 2221(a) and 5015(a) to vacate so much of an order of the same court dated November 6, 2023, as directed that defendant to produce an affidavit detailing its efforts to comply with certain discovery obligations.
ORDERED that the order dated March 8, 2024, is affirmed insofar as appealed from, with costs.
In June 2021, the plaintiff commenced this action against the defendant Roman Catholic Church of the Resurrection, sued herein as Resurrection (hereinafter the defendant), among others, inter alia, to recover damages for negligence, negligent retention, and negligent supervision and instruction pursuant to the Child Victims Act (see CPLR 214-g; hereinafter the CVA). According to the plaintiff, he was sexually abused by a priest employed by the defendant. In response to the plaintiff's discovery demands, and pursuant to court rules governing cases under the CVA, the defendant produced six pages consisting of its certificate of incorporation and the plaintiff's sacramental records.
In an order dated November 6, 2023, the Supreme Court, among other things, directed the defendant to produce an affidavit detailing its efforts to comply with certain discovery obligations (hereinafter the November 2023 order), so as to substantiate the defendant's claim that it had no additional responsive documents to produce, consistent with the requirements of Jackson v City of New York (185 AD2d 768). Thereafter, the defendant moved, inter alia, pursuant to CPLR 2221(a) and 5015(a) to vacate so much of the November 2023 order as directed the defendant to produce the affidavit. The plaintiff opposed the motion. By order dated March 8, 2024, the court, [*2]among other things, denied that branch of the motion. The defendant appeals. We affirm.
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 2221(a) and 5015(a) to vacate so much of the November 2023 order as directed the defendant to produce an affidavit detailing its efforts to comply with certain discovery obligations. As an initial matter, the defendant acknowledged that none of the enumerated grounds set forth in CPLR 5015(a) to vacate an order apply here. Moreover, the defendant's contention that the court should have vacated that portion of the November 2023 order in the interest of substantial justice is without merit (see Wells Fargo Bank, N.A. v Sulton, 235 AD3d 1030, 1032; Countrywide Home Loans Servicing, L.P. v DiGiovanni, 205 AD3d 676, 677).
Generally, "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" by agents of a party to litigation (CPLR 3101; see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376; Lurie v Lurie, 226 AD3d 992, 994). Materiality and necessity "'must be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (Lurie v Lurie, 226 AD3d at 995 [internal quotation marks omitted], quoting Matter of Kapon v Koch, 23 NY3d 32, 38).
Here, the defendant's response to the plaintiff's discovery demands consisted of only six pages, and the defendant failed to supplement its disclosure or to explain, in detail, its efforts to preserve, collect, and search for the requested documents (see M.B. v St. Francis Preparatory Sch., 219 AD3d 1399, 1402; Donovan v City of New York, 239 AD2d 461, 461). Thus, the Supreme Court providently exercised its discretion in directing the defendant to provide an affidavit from a person with knowledge cataloging the past and present status of the relevant documents; where they were kept; what efforts, if any, were made to preserve them; the circumstances surrounding their disappearance or destruction; and the means and methods used to conduct a search for them (see M.B. v St. Francis Preparatory Sch., 219 AD3d at 1402; Donovan v City of New York, 239 AD2d at 461). Such an affidavit was needed for the court to determine whether the defendant's search for responsive documents had been thorough and conducted in a good-faith effort to locate any relevant documents (see M.B. v St. Francis Preparatory Sch., 219 AD3d at 1402; Donovan v City of New York, 239 AD2d at 461).
The defendant's remaining contentions are without merit.
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court