De Vine v Roman Catholic Diocese of Brooklyn (2025 NY Slip Op 03304)

De Vine v Roman Catholic Diocese of Brooklyn

2025 NY Slip Op 03304

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-04069
 (Index No. 513944/20)

[*1]Nicholas De Vine, respondent, 
v
Roman Catholic Diocese of Brooklyn, et al., defendants, Divine Mercy Roman Catholic Parish, etc., et al., appellants.

Scahill Law Group P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellants.
Michael G. Dowd, Lake Success, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent supervision, negligent retention, and negligent training, the defendants Divine Mercy Roman Catholic Church and St. Cecilia's Roman Catholic Church, sued herein as Divine Mercy Roman Catholic Parish, formerly known as St. Cecilia Roman Catholic Parish, appeal from an order of the Supreme Court, Kings County (Alexander M. Tisch, J.), dated April 8, 2024. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 2221(a) and 5015(a) to vacate so much of an order of the same court (Sabrina B. Kraus, J.) dated January 4, 2024, as directed those defendants to produce an affidavit detailing their efforts to comply with certain discovery obligations.
ORDERED that the order dated April 8, 2024, is affirmed insofar as appealed from, with costs.
In August 2020, the plaintiff commenced this action against the defendants Divine Mercy Roman Catholic Church and St. Cecilia's Roman Catholic Church, sued herein as Divine Mercy Roman Catholic Parish, formerly known as St. Cecilia Roman Catholic Parish (hereinafter together the defendants), among others, inter alia, to recover damages for negligent supervision, negligent retention, and negligent training pursuant to the Child Victims Act (see CPLR 214-g; hereinafter the CVA). According to the plaintiff, he was sexually abused by a priest employed by the defendants. In response to the plaintiff's discovery demands, and pursuant to court rules governing cases under the CVA, the defendants produced a certificate of incorporation consisting of nine pages.
In an order dated January 4, 2024, the Supreme Court, among other things, directed the defendants to produce an affidavit detailing their efforts to comply with certain discovery obligations (hereinafter the January 2024 order), so as to substantiate the defendants' claim that they had no additional responsive documents to produce, consistent with the requirements of Jackson v City of New York (185 AD2d 768). Thereafter, the defendants moved, inter alia, pursuant to CPLR [*2]2221(a) and 5015(a) to vacate so much of the January 2024 order as directed the defendants to produce the affidavit. The plaintiff opposed the motion. By order dated April 8, 2024, the court, among other things, denied that branch of the motion. The defendants appeal. We affirm.
The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 2221(a) and 5015(a) to vacate so much of the January 2024 order as directed the defendants to produce an affidavit detailing their efforts to comply with certain discovery obligations. As an initial matter, the defendants acknowledged that none of the enumerated grounds set forth in CPLR 5015(a) to vacate an order apply here. Moreover, the defendants' contention that the court should have vacated that portion of the January 2024 order in the interest of substantial justice is without merit (see Wells Fargo Bank, N.A. v Sulton, 235 AD3d 1030, 1032; Countrywide Home Loans Servicing, L.P. v DiGiovanni, 205 AD3d 676, 677).
Generally, "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" by agents of a party to litigation (CPLR 3101; see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376; Lurie v Lurie, 226 AD3d 992, 994). Materiality and necessity "'must be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (Lurie v Lurie, 226 AD3d at 995 [internal quotation marks omitted], quoting Matter of Kapon v Koch, 23 NY3d 32, 38).
Here, the defendants' response to the plaintiff's discovery demands consisted of only nine pages, and the defendants failed to supplement their disclosure or to explain, in detail, their efforts to preserve, collect, and search for the requested documents (see M.B. v St. Francis Preparatory Sch., 219 AD3d 1399, 1402; Donovan v City of New York, 239 AD2d 461, 461). Thus, the Supreme Court providently exercised its discretion in directing the defendants to provide an affidavit from a person with knowledge cataloging the past and present status of the relevant documents; where they were kept; what efforts, if any, were made to preserve them; the circumstances surrounding their disappearance or destruction; and the means and methods used to conduct a search for them (see M.B. v St. Francis Preparatory Sch., 219 AD3d at 1402; Donovan v City of New York, 239 AD2d at 461). Such an affidavit was needed for the court to determine whether the defendants' search for responsive documents had been thorough and conducted in a good-faith effort to locate any relevant documents (see M.B. v St. Francis Preparatory Sch., 219 AD3d at 1402; Donovan v City of New York, 239 AD2d at 461).
The defendants' remaining contentions are without merit.
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court