U.S. Bank Natl. Assn. v Mitchell (2026 NY Slip Op 01086)

U.S. Bank Natl. Assn. v Mitchell

2026 NY Slip Op 01086

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-12185
 (Index No. 717188/21)

[*1]U.S. Bank National Association, etc., appellant,
vKarl Mitchell, respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Mitra Paul Singh of counsel), for appellant.
The Crawford Law Firm, P.C., Floral Park, NY (Mark A. Crawford and Ikiesha T. Al-Shabazz of counsel), fo respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated August 31, 2023. The order, insofar as appealed from, upon renewal, in effect, vacated an order of the same court dated July 26, 2022, denying the pre-answer motion of the defendant Karl Mitchell pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, and thereupon granted the motion.
ORDERED that the order dated August 31, 2023, is affirmed insofar as appealed from, with costs.
In August 2008, the plaintiff commenced an action against the defendant Karl Mitchell (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Queens (hereinafter the 2008 foreclosure action). In an order dated September 9, 2016 (hereinafter the September 2016 order), the Supreme Court, among other things, sua sponte, directed dismissal of the complaint without prejudice "on the ground that the plaintiff had failed to comply with certain prior orders of the court" (U.S. Bank N.A. v Mitchell, 191 AD3d 731, 732). Approximately 13 months later, the plaintiff moved, inter alia, to vacate the September 2016 order. In an order dated April 11, 2018 (hereinafter the April 2018 order), the court granted that branch of the plaintiff's motion. The defendant appealed, and, on February 3, 2021, this Court reversed the April 2018 order and denied that branch of the plaintiff's motion which was to vacate the September 2016 order (see id.).
In July 2021, the plaintiff commenced the instant action to foreclose the mortgage. In October 2021, the defendant moved, pre-answer, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him as barred by the statute of limitations, among other grounds. By order dated July 26, 2022, the Supreme Court denied the motion, concluding that the savings clause of CPLR 205(a) applied to render timely the commencement of the instant action within six months of February 3, 2021, when the 2008 foreclosure action was dismissed by this Court.
In November 2022, the plaintiff moved, among other things, for leave to enter a [*2]default judgment against the defendant and for an order of reference. The defendant served an answer dated November 7, 2022, which was rejected by the plaintiff as untimely.
In January 2023, the defendant opposed the plaintiff's motion, inter alia, for leave to enter a default judgment against him and cross-moved, among other things, to vacate his default and to compel the acceptance of a late answer. One month later, the defendant moved for leave to renew his pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him based on the newly enacted CPLR 205-a.
In an order dated March 31, 2023, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference and denied the defendant's cross-motion, among other things, to vacate his default and to compel the acceptance of a late answer.
However, in an order dated August 31, 2023, the Supreme Court, inter alia, upon renewal, in effect, vacated the order dated July 26, 2022, and thereupon granted the defendant's pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him based on the newly enacted CPLR 205-a. The plaintiff appeals.
"The statute of limitations is an affirmative defense that is waived by a party unless it is raised either in a responsive pleading or by motion prior to the submission of a responsive pleading" (Associates First Capital Corp. v Roth, 226 AD3d 636, 636). Here, the defendant raised this affirmative defense in a pre-answer motion to dismiss the complaint insofar as asserted against him. While the defendant's pre-answer motion was originally denied, the defendant thereafter moved for leave to renew that motion based upon a change in the law. As the pre-answer motion was ultimately granted upon renewal, the defendant did not waive the affirmative defense of statute of limitations by failing to timely answer the complaint (contra id.) or by failing to vacate his default (contra Ocwen Loan Servicing, LLC v Coles, 223 AD3d 678, 680).
The Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions, like here, upon instruments described in CPLR 213(4) (see id. § 205[c]; U.S. Bank Trust, N.A. v Giangrande, 229 AD3d 834, 835-836). Under CPLR 205-a(a), "[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than . . . a dismissal of the complaint for any form of neglect, including, but not limited to those specified in subdivision three of section thirty-one hundred twenty-six, section thirty-two hundred fifteen, rule thirty-two hundred sixteen and rule thirty-four hundred four of this chapter, . . . for failure to comply with any court scheduling orders, or by default due to nonappearance for conference or at a calendar call, or by failure to timely submit any order or judgment, . . . the original plaintiff, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination." Here, contrary to the plaintiff's contentions, the Supreme Court correctly determined that the 2008 foreclosure action was dismissed for a form of neglect, as it was dismissed for failure to comply with court scheduling orders and failure to submit an order of reference. Accordingly, under FAPA, the plaintiff is not entitled to the benefit of the savings provision of CPLR 205-a (see U.S. Bank Trust v Giangrande, 229 AD3d at 836).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court